Proceedings taken under the general railroad act for the condemnation of lands for railroad uses are special proceedings within section 3 of the Code. (N.Y.C.R.R. Co. v. Marvin, 11N.Y., 277.) The allowance of costs in special proceedings, other than the special cases embraced within section 318 of the Code, is governed by chapter 270 of the Laws of 1854. By the third section it is enacted: "In special proceedings, and on appeals therefrom; costs may be allowed in the discretion of the court, and when allowed, shall be at the rate allowed for similar services in civil actions." Section 14 of the general railroad act (chap. 140, Laws of 1850) provides that a railroad company desiring to acquire title to any real estate for the purposes of its incorporation, may present a petition to the court at General or Special Term, stating, among other things, that the lands described therein are required for the purpose of operating and constructing its road, and praying for the appointment of commissioners of appraisal; and prescribes the form of the petition, and that it shall be served on the parties whose interests are to be affected by the proceedings, with notice of the time and place where it will be presented.
Section 15 provides that, on the presentation of the petition, *Page 148 
the persons interested may show cause against granting the prayer of the petition, and may disprove any of the facts alleged in it. It requires the court to hear the proofs and allegations of the parties; and, if no sufficient cause is shown against granting the prayer of the petition, to appoint commissioners to appraise the compensation to be made to the owners and persons interested in the lands proposed to be taken. Sections 16 and 17 regulate the proceedings of the commissioners. On confirmation of their report, and the entry and recording of the order of the court thereon; and the payment or deposit of the compensation awarded, and the costs and expenses of the commissioners; the company is, by section 18, declared to be entitled to enter upon and take possession of the lands described in the order, and use the same for the purposes of its incorporation during its existence.
It is apparent, from an examination of the statute, that the right of a railroad corporation to take, under the act, the lands embraced in the petition, is to be determined by the court upon the application for the appointment of commissioners. It is then that the landowners are to be heard in opposition to the application, and the question whether the land is required for the public uses and purposes of the corporation may be then, and in that stage of the proceedings only, litigated and determined, and the decision is final; save only that it may be reviewed, on appeal from the order appointing the commissioners. (In theMatter of the Rensselaer and Saratoga R.R. Co. v. Davis,43 N Y, 137.)
The proceeding is not a trial, in the technical sense in which that term is defined in the Code. (§ 252.) Nor is it an action. (§§ 1, 127.) It is not commenced by the service of summons; there are no formal pleadings; and the inquiry is prosecuted in a summary manner, and not according to the course of the common law. But it determines the right of the corporation to take the land of the owner without his consent, and an adjudication in favor of the applicant deprives him of it, and substitutes the money compensation which may, in a subsequent stage of the proceedings, be awarded *Page 149 
him. The persons interested in the land are brought into court by the service of the petition and notice; the affidavits on either side make the issue between the parties; the court, after hearing the proofs and allegations, is to determine the whole right in controversy. The proceeding is much more analogous in its purpose and scope to an action than to a motion, which in general relates to some incidental question collateral to the main object of an action.
In view of the real character of the proceeding in this case, we are of opinion that the Special Term were right in assimilating the services in resisting the application, to services in defending an action, and was justified in awarding full costs, on the hearing and upon appeal, as in an action, at the rates prescribed by the Code.
That part of the order of the Special Term which grants an extra allowance of $1,000 to the defendants cannot, we think, be sustained. It was made on the ground that the case was difficult and extraordinary. Section 309 of the Code authorizes the court in its discretion to make an allowance beyond the prescribed costs, in difficult and extraordinary cases, where a defence has been interposed or a trial has been had, and, in an action or proceeding for the partition of real estate, not exceeding five per cent on the claim or recovery or the value of the subject-matter involved in the action. This provision was introduced into the Code in 1858. When the statute of 1854 was passed there was no general provision of this character, and the legislature could not then have contemplated an allowance of this kind, as part of the costs, in special proceedings. The extra allowance under section 309 is not made for specific services in the action, but in view of the character of the litigation as a whole. The discretion of the court under that section extends not only to the question whether any allowance shall be made, but to the amount of such allowance, within the limit fixed. The discretion under the act of 1854 relates to the first of these question only; and the act declares that costs, if allowed, "shall be at the rate allowed for similar services in civil actions." There *Page 150 
is no prescribed rate at which an extra allowance is to be made, but a limit only, beyond which it cannot be given. We are of opinion that the costs referred to in that act are those to which the prevailing party in an action is of right entitled, and that the provision for extra allowance in section 309 applies to actions only, and not to special proceedings.
The result is, that that part of the order granting the extra allowance should be reversed, and that in other respects the order should be affirmed.
All concur.
Ordered accordingly.