MICHAEL McDERMOTT v. MICHAEL HENNESY AND
OTHERS.

THE SAME v. THE SAME.

*Surplus moneys — application for distribution of — Costs.*

Upon an application for the distribution of the surplus moneys arising upon a
sale under a foreclosure of a mortgage, no costs can be allowed except those
particularly specified in the Code, viz., motion fees and the fees of the referee.
The hearing before the referee is not a trial, and no extra allowance can be made.

APPEAL from an order directing the distribution of the surplus
moneys, arising under a sale had in pursuance of the judgment
entered in this action.

The defendants, Catherine Mallery and John H. Gleason, were
junior mortgagees. After the payment of the costs of the action
there remained a surplus of $1,072.63. Upon the application of
the defendant Catherine Mallery, an order was made referring it to
a referee to ascertain and report as to the priorities of the several
liens upon such surplus, and as to who were entitled to receive the
same. After the filing and report of the referee the defendant
Mallery moved for an allowance for costs for the proceedings had
before him, and an order was made at the Special Term directing
the payment to her out of such surplus, of the sum of $150. From
the order granting this allowance this appeal was taken.

*Neary & Martin,* for the defendant A. Gleason, appellant. The
order is appealable. (*People* v. *N. Y. C. R. R. Co.,* 29 N. Y.,
418; *Ennis* v. *Purcell,* 2 Thompson & Cook, 538; *Sluyter* v.
*Smith,* 2 Bosw., 673; *Wilkinson* v. *Tiffany,* 4 Abb. Pr., 98.)
The court exceeded its power in granting the order appealed from.
(Chap. 270 of 1854; *Elwell* v. *Robbins,* 43 How. Pr., 108.)

*T. McManus,* for the respondent Gleason. This is a proceeding
in equity, and the costs are in the discretion of the court. (Code,
§ 306; *Taylor* v. *Root,* 43 N. Y., 628; *Piper* v. *Poppenheusen,*
43 id., 68; *Southwick* v. *Southwick,* 49 id., 511; *Krekeler* v. *Ritter,* 62 id., 375.)

*Per Curiam:*

Without deciding whether this application should be called a special proceeding or a proceeding in the foreclosure action, we are satisfied that in either case the views expressed by Judge BALCOM, in *Elwell* v. *Robbins* (43 How., 108), as to costs, are correct. There is no right to grant an extra allowance. (See also, *Rens. and Sara. R. R. Co.* v. *Davis*, 55 N. Y., 145.) The only costs which can be allowed are those particularly specified in the Code, viz., motion fees and referee's fees. The hearing before the referee is not a trial.

The only costs, therefore, which can be allowed are ten dollars costs of the motion to confirm the referee's report and his fees, and ten dollars costs of order appointing referee, if that was allowed in that order. The order appealed from must be modified accordingly.

The question involved is, perhaps, new, and no costs of the appeal are allowed to either party.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Orders reversed and order granted to be settled by LEARNED, P. J., as per his memorandum. No costs of appeal.