IN THE MATTER OF THE APPLICATION OF THE WAVERLY WATER-WORKS COMPANY, TO ACQUIRE TITLE TO LANDS OF W. W. SHEPARD.

*Proceedings to take lands — right of company to discontinue — costs of the proceedings.*

Where proceedings are instituted by a corporation, under the laws of this State, to acquire title to lands, such corporation may, at any time before title thereto is actually acquired, abandon such proceedings upon payment of the taxable costs and expenses, and it cannot be required to pay, in addition thereto, other charges and counsel fees.

APPEAL from two orders made at a Special Term, relating to the costs required to be paid by the Water-Works Company, as a condition of the discontinuance of the proceedings instituted by it to acquire title to lands under chapter 737 of 1873, and chapter 415 of 1876.

*David B. Hill*, for the Water-Works Company, appellant.

*McGuire & Taber*, for W. W. Shepard, respondent.

BOARDMAN, J.:

Two applications had been made by this company to acquire title to the lands desired, which had been denied, with ten dollars costs in each proceeding. This is the third application, and under it commissioners were appointed to assess the damages to be allowed to Shepard, the owner, for the lands to be taken. The

commissioners made an award of $7,200. The water-works company being dissatisfied with such award, gave notice of discontinuance, and moved for the requisite order to effect that purpose. The court made an order granting the motion, upon condition that the company pay to Shepard his expenses, charges, and counsel fees of these proceedings, and appointed a referee to take proof of the amount of said expenses, etc., and to make report with the evidence taken. From so much of said order as allows a greater sum than such taxable costs and disbursements as are allowed for similar services in civil actions the company appeals. This is one of the two appeals taken which were argued, and will be considered together. On the subsequent hearing before the referee, proofs were given, against the objection of the company, of the expenses, charges, and counsel fees of Shepard upon the two former applications, as well as in the present one. The referee made return of the testimony taken by him to the court, and found that the company should pay Shepard in all for expenses, charges, and counsel fees $605. Afterwards the court at Special Term, upon a hearing on this report, fixed the sum to be paid at $375, besides the referee's fees fifty dollars. Such allowance was a gross sum, and the order does not indicate the items from which the sum is made up. From this order the company also appeals, and upon the same grounds as on the appeal from the other order. It is now contended that both of these orders are erroneous, in so far as they contemplate, authorize, or allow more than taxable costs and disbursements allowable in similar services in civil actions. In the outset it may be safely assumed and decided that no costs or allowance of any kind could properly be made in this proceeding for the two former applications. Each of those applications had been terminated by the order of the court, and Shepard had been allowed ten dollars costs on each. If the orders in those proceedings were not satisfactory, the remedy was by appeal. Those proceedings were in no sense a part of the present application, nor can the right to costs, or the amount of costs properly to be recovered in those proceedings, be adjusted in this.

What costs might the court, then, impose on the company as a condition of its discontinuance of this proceeding? That is the point to be decided.

No doubt this is a special proceeding. (Code, § 3; *In re N. Y. C. R. R. Co.*, 11 N. Y., 276; *Rochester, etc., R. R. Co.* v. *Beckwith*, 10 How., 168; *Rens. & Sar. R. R. Co.* v. *Davis*, 55 N. Y., 145.) By section 3 of chapter 270, Laws 1854 (4 Edm. St., 682), the allowance of costs in special proceedings is in the discretion of the court, but when allowed they shall be at the same rate allowed for similar services in civil actions. This language seems conclusive in cases like the present, and so the courts have held. (*Rens. & Sar. R. R. Co.* v. *Davis, supra*; *In re Syr. & B. & N. Y. R. R. Co.*, 4 Hun, 311, 315; *In re Barnett*, 52 How., 73.)

But the leave to discontinue was upon condition of payment of all of Shepard's expenses, counsel fees, etc., instead of taxable costs and disbursements. The respondent insists that the right to discontinue was in the discretion of the court, and hence it could be granted on such terms as the court saw fit to impose irrespective of any statutory rule. In this, we think, the respondent is in error. As we understood the case of *In re Comm'rs Wash. Park* (56 N. Y., 144), the right to discontinue is absolute, upon payments of the legal costs and disbursements. What constituted the legal costs in that case was not before the court, and was not decided. The result of the decision exempts the applicant in such cases from taking the property, if he chooses to decline. If he cannot be compelled to take the property, the only remedy of the land-owner is to recover his costs. It is not in the power of the court to prevent the applicant from stopping his proceedings. The right to discontinue is like to that in a civil action. The conditions to be imposed are similar. In either case the action of the court is controlled by the law, and not by discretion or caprice. We conclude, therefore, that the orders are erroneous, in so far as they tend to exact from the company a greater sum than the taxable costs and disbursements.

It may be objected that this rule is severe upon the land-owner. We concede it. But the costs given to a successful party are not intended as a perfect indemnity for all his expenses and losses. If a defendant succeeds in an action of ejectment, his taxable costs may be quite inadequate to render him whole for expenses incurred in his defense. It may be a hardship, but the courts cannot help him. So is it in this case. We are satisfied our conclusion is in

accord with the law.   In addition, we are glad that it results in taking away from judges a discretion, always so unpleasant, uncertain and variable, as to the amount that may be allowed.   We should think it fortunate, if no such discretion were ever given in any case.

We conclude, therefore, that the first order should be modified by striking out the words, "his expenses, charges and counsel fees of these proceedings," and inserting in lieu thereof "his costs and expenses to be taxed in this proceeding," and that the order of reference therein contained be stricken out.

The second order is, as a consequence, wholly reversed.

The two appeals having been argued as one, the Waverly Waterworks Company is allowed ten dollars costs of appeal, and printing disbursements to be paid by the respondent.

LEARNED, P. J., and WESTBROOK, J., concurred.

First order modified by giving Shepard taxable costs and disbursements only; second order reversed with ten dollars costs, and printing disbursements to be paid to company by Shepard.