## In the Matter of the Petition of Philip J. Jetter to Vacate an Assessment.

A proceeding under the act of 1858 (chap. 338, Laws of 1858) to vacate an assessment in the city of New York, at least when instituted at Special Term, is a special proceeding within the meaning of the act of 1854 (chap. 270, Laws of 1854), authorizing the allowance of costs in such proceedings.

*It seems,* that the distinction between proceedings instituted at Special Term, and those commenced before a judge at chambers, is disregarded in the Code of Civil Procedure (§§ 1356, 1357).

The provision of the act of 1859 (§ 2, chap. 262, Laws of 1859), in reference to payment of costs by municipal corporations, which prescribes that no costs shall be recovered in any judgment against such a corpo-

ration, unless the claim upon which the judgment is founded was presented for payment to the chief fiscal officer thereof before suit brought, has no application to the costs of such proceedings.

In proceedings instituted under said act of 1858, the Special Term vacated the assessment with costs to the applicant, from which order no appeal was taken; costs were taxed as in an action which were struck out by the General Term on appeal from an order of Special Term denying a motion to strike out. *Held*, error; that said applicant was entitled to costs at the rate allowed for similar services in civil actions.

*In re Jetter* (14 Hun, 93), reversed.

(Argued November 11, 1879; decided November 18, 1879.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, modifying an order of Special Term denying a motion on behalf of the corporation, of the city of New York, to vacate judgment for costs. (Reported below, 14 Hun, 93.)

The petitioner applied at Special Term under the act chapter 338, Laws of 1858, to vacate an assessment for paving Spring street, in the city of New York.

A reference was ordered to take proof of the facts, and on the coming in of the referee's report an order was granted vacating the assessment mentioned, with costs and disbursements. The amount of the assessment vacated was $63.45. The petitioner proceeded to tax his costs and disbursements which consisted of the following items, among others: costs of trial of issue of fact thirty dollars, proceedings before notice of trial fifteen dollars, costs for proceedings after notice and before trial fifteen dollars. Referee's fees twenty-five dollars, all of which were allowed notwithstanding the objections of the counsel to the corporation.

The General Term modified the order by disallowing all of the items so allowed except the referee's fees.

*Moody B. Smith*, for appellant. A proceeding to vacate an assessment is a special proceeding. (Code of Procedure, §§ 1, 2, 3; *People* v. *Boardman*, 4 Keyes, 59; *Pinckney's Case*, 18 Abb. Pr., 356; *N. Y. C. R. R. Co.* v. *Marion*, 1 Kern., 276; *R. and S. R. R. Co.* v. *Davis*, 55 N. Y., 145.)

If a special proceeding and costs are given it must be the costs of an action. (*Sturgis* v. *Spofford*, 58 N. Y., 103.)

*J. A. Beall*, for respondent. The judgment entered for the costs was without warrant in law or practice and should have been set aside. (§ 2, chap. 262, Laws of 1859, p. 570.) There is no authority in law for the allowance of costs against the city in proceedings to vacate assessments. (Parsons on Costs, p. 1; Wait's Practice, Vol. III, 453, *et seq.;* Laws of 1854, p. 593.)

Church, Ch. J. We should be inclined to affirm this order, if we could do so without unsettling established rules of practice, or principles of law; if for no other reason, because the learned judge in delivering the opinion at General Term among other things stated, that in the order vacating the assessment, with costs, which he made while holding the Special Term, it was not intended to give costs as in an action.

We have lately held that we would not interfere with the construction which the General Term put upon its own order in matters of practice, but the difficulty here is that if the proceeding under the act of 1858, to vacate assessments, is to be regarded as a special proceeding under the Code, then when by the order costs are allowed, the party is entitled under the act of 1854, page 593, to such costs at the rate allowed for similar services in civil actions, and the court cannot impair the right by construction. True, costs in such cases are in the discretion of the court, but no appeal was taken from that order; if there had been, and the General Term in reviewing the order of the Special Term had decided adversely to the allowance of costs, its decision would not have been appealable to this court. Instead of an appeal from the original order, a motion was made at another Special Term, to set aside the judgment for costs entered under the original order, and the General Term upon an appeal from the order denying that motion struck

out the costs allowed by virtue of the act of 1854, upon the ground that the remedy to vacate assessements provided by the act of 1858, is not a special proceeding; and if that conclusion is erroneous, we have no alternative but to reverse the order.

The question is not a new one. It has been several times before the Supreme Court, and this court. *In the Matter of Dodd* (27 N. Y., 629), this court held, that the remedy under the act of 1858 was not a special proceeding under the Code, and dismissed an appeal to this court from an order made in that case. The act of 1858 provided for an application to a justice of the Supreme Court at Special Term, or in *vacation*, and the opinion seems to regard the application in that case as having been made to a judge out of court, and for that reason not appealable. If that decision had been adhered to and made applicable to all cases, this court would have been relieved from a large amount of vexatious litigation, which in my judgment never should be carried beyond the Supreme Court.

In the *People* v. *Boardman* (4 Keyes, 59–66), the decision in the *Matter of Dodd* was criticised, the court saying in reference to the distinction between the order of a judge out of court, and at Special Term, that " there is no reason for placing so limited a construction upon this first section of the Code." Later, this court expressly held in the *Matter of Tappen*, and several other cases (not reported) that this remedy was a special proceeding, and orders made therein were therefore appealable to this court. The opinion in *Dodd's Case* was disposed of on the ground that it was based upon the supposition that the application was made to a judge out of court, the opinion saying " that case therefore ceases to be any authority controlling the case at bar."

In the meantime the General Term in the first department, disregarded the decision in *Dodd's Case* upon the same ground, and held that the proceedings were special proceedings under the Code, when instituted before a Special Term. (*Pinckney's Case*, 18 Abb., 356.) This decision was expressly approved in the *Tappen Case* (*supra*).

It is not needful to determine whether the distinction upon which it is supposed the *Dodd Case* was decided, is sound or not. It will be time enough to determine that question, when it arises. The New Code seems to disregard the distinction. (§§ 1356–1357.) This application was made at Special Term, and we think it must be regarded as settled by authority, that these proceedings are special proceedings under the Code. As an original question it is difficult to arrive at any other conclusion. Remedies are divided by the Code into actions and special proceedings. An action is defined as an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offence, and then declares that " every other remedy is a special proceeding." This is clearly not an action, and is not claimed to be; it is a remedy, and must therefore be a special proceeding. The enforcement of the remedy is somewhat summary, but a petition is required, notice to the corporation counsel, proofs taken, and if necessary a reference for that purpose, a hearing is had, and a decision pronounced, which has the effect of a judgment. It may be regarded as a summary proceeding to remove a cloud upon the title. It has all the elements of a litigation in a court of justice; it is not an ordinary litigation, because the proceedings are special as prescribed by statute. Nor is it a motion under the Code. (New Code, §§ 767–768.) A motion " in general relates to some incidental question collateral to the main object of the action." (*R. R. Co.* v. *Davis,* 55 N. Y., 145.) A motion is not a remedy in the sense of the Code, but it is based upon some remedy, and is always connected with and dependent upon the principal remedy. It is to furnish relief in the progress of the action or proceeding in which it is made, and generally relates to matters of procedure, although it may be used to secure some right in consequence of the determination of the principal remedy. Besides if this was a motion under the Code, I am not aware of any provision authorizing an appeal from the order made

to the General Term. The Code authorizes appeals only from orders in actions and special proceedings. No other orders are appealable to the General Term. (Code of Civil Procedure, §§ 1346, 1347, 1348–1356, 1357.)

The statute requiring claims to be presented to the comptroller before costs are recoverable, has no application. The corporation we think, must be regarded as the party in interest in these proceedings. It imposes the assessment, and if valid will collect it, its counsel must have notice, and it has repeatedly acted as a party, and brought appeals from such orders. We think also that the costs taxed were in conformity to the act of 1854. It is said that this is not a special proceeding within the purview of that statute, but the term "special proceeding" has a legal fixed meaning, and when used in different statutes it is presumed that it was intended to mean the same thing, unless there is something in the statute itself to convey a different meaning. There were services before notice similar to those in an action, the preparation of the petition and papers, and there was a trial and hearing similar to actions. The case of *The R. R. Co.* v. *Davis* (*supra*), held that services in such a case were similar to the ordinary services in an action.

It may be that costs should not be allowed in these cases. I am inclined to concur with the learned judge on that point, but as these costs are discretionary no injury can arise from any disposition of this case.

As the question is presented on this appeal, we feel constrained to hold that under the order of the Special Term, to which the original application was made, the party was entitled to the costs taxed, and as there was no appeal from that order it was not before the General Term for review, and its modification on the ground of a want of power was erroneous.

The order of the General Term must be reversed, and that of Special Term affirmed.

All concur.

Order affirmed.