## SUPREME COURT.

In the Matter of the Petition of THE NEW YORK, LACKA-
WANNA AND WESTERN RAILWAY Co., to acquire lands of
ELIZABETH J. WAGNER and MARY GOODSELL.

*Costs — Special proceedings — Proceedings under the general railroad act to
acquire land are special proceedings — when and how costs to be allowed —
Code of Civil Procedure, secs. 3240, 3250, 3251.*

A proceeding to acquire title to real estate under the general railroad act
is a special proceeding under the statute.

Under section 3240 of the Code of Civil Procedure, costs in special pro
ceedings, unless otherwise provided for, shall be in the discretion of
the court. The court therefore has power, in its discretion, to award
costs in these proceedings, and when costs are allowed they are to be
at the rate allowed for similar services in an action.

Where it appeared that the petitioner presented a petition to the supreme
court for the appointment of commissioners of appraisal, under the
general railroad act ; that no issue was joined or trial had; that the
court appointed commissioners, and a hearing by the parties interested
was had before such commissioners ; on such hearing the defendants
subpœnaed witnesses, and had them sworn before the commissioners as
to the value of the land :

*Held,* that no trial fee could be allowed. A trial fee is only allowed where
there is an issue, and in this case no issue was joined or question of
fact raised for trial. The taking of evidence by the commissioners, for
the purpose of determining the value of the real estate, was not a trial
of the action in court.

*General Term, Fourth Department, January,* 1882.

*Before* SMITH, *P. J.,* HARDIN *and* HAIGHT, *JJ.*

THE proceeding was brought by petitioner to acquire lands
of appellants, in Steuben county, for petitioner's railway.

Commissioners of appraisal were appointed by the court,
and a trial was regularly held before the commissioners, and
witnesses were examined and cross-examined on both sides,
and the case was then summed up by counsel for the respective

parties. The amount of the award was greatly in excess of the amount offered by petitioner before commencing the proceedings, and the appellants claimed that they should be allowed costs of contesting the proceeding. The application was denied, on the ground that the court had no power to grant the same; and this is the only question raised by the appeal.

*J. F. Parkhurst,* for appellant. The court has the power to award costs in such cases (*Code of Civil Procedure, sec.* 3240; *Laws of* 1854, *chap.* 270, *sec.* 3; *R. and S. R. R. Co.* agt. *Davis,* 55 *N. Y.,* 14⁵; *Matter of Syracuse, B. and N. Y. R. R. Co.,* 4 *Hun,* 311; *In the Matter of Jetter,* 78 *N. Y.,* 601; *Marvin* agt. *Marvin,* 78 *N. Y.,* 541; *Matter of Barnett,* 53 *How.,* 274, *and cases cited*; *Matter of Application of Waverly W. W. Co. to acquire lands of Shepard,* 16 *Hun,* 230; *People ex rel. Green* agt. *Smith,* 13 *Hun,* 230; *Spelman* agt. *Terry,* 74 *N. Y.,* 468). It is not necessary to the exercise of this discretion that an answer be interposed in the proceeding. No answer is required to enable the landowner to contest the question of value. No answer was served in the following cases, and costs were allowed as if an answer had been served (*R. and S. R. R. Co.* agt. *Davis,* 55 *N. Y.,* 145; *Matter of Syracuse, B. and N. Y. R. R. Co.,* 4 *Hun,* 311; *Matter of Jetter,* 78 *N. Y.,* 601; *Matter of Barnett,* 53 *How.,* 247; 16 *Hun,* 58). Statutes in derogation of common-law right are strictly construed, and all possible inferences must be indulged in favor of the landowner (*Sharp* agt. *Johnson,* 4 *Hill,* 92; *Doughty* agt. *Hope,* 3 *Denio,* 395; *Wheeler* agt. *Mills,* 40 *Barb.,* 644; *Jackson* agt. *Shepard,* 7 *Com.,* 88).

*M. Rumsey Miller,* for respondent, argued that there is no power in the court in proceedings under the general railroad act to allow costs to landowners, except such as are provided for by the act itself, viz.: Costs to a guardian, and committee

and attorney appointed for unknown owners, and costs allowed by court to landowner on abandonment of proceedings under section 18, citing and commenting upon (*Laws of* 1854, *chap.* 270; *Laws of* 1876, *chap.* 198; *Code of Civil Procedure, secs.* 3240–3250; *N. Y. C. R. R. Co.* agt. *Marvin,* 11 *N. Y.,* 279; *The Syracuse, B. and N. Y. R. R. Co.,* 4 *Hun,* 312, 313, 314; *The Rensselaer, &c., R. R. Co.* agt. *Davis,* 55 *N. Y.,* 145). But even if the court should hold that under section 3240 of the Code of Civil Procedure, the court has power to allow costs in proceedings under general railroad act; then I insist that the power only extends to cases where there has been issue taken on the petition and a trial by the court, and in this case there were none (*Rensselaer and S. R. R. Co.* agt. *Davis,* 55 *N. Y.,* 145; *Pardee* agt. *Schenck,* 11 *How.,* 500–502; *Taaks* agt. *Schmidt,* 25 *How.,* 340, 344; *Randolph* agt. *Foster,* 3 *E. D. Smith,* 648, 649; *Code of Civil Procedure* [*vol.* 1], *sec* 109).

HAIGHT, *J.* — From the case it appears that the petitioner presented a petition to the supreme court for the appointment of commissioners of appraisal, under the general railroad act. That no issue was formed or trial had. That the court appointed commissioners, and a hearing by the parties interested was had before such commissioners. On such hearing the defendants subpoenaed witnesses and had them sworn before the commissioners as to the value of the land. Upon the confirmation of the report of the commissioners, the court allowed the appellants their witness fees and disbursements, but refused to allow them a trial fee. The real contest presented by this appeal is, whether or not the appellant is entitled to a trial fee.

Section 3240 of the Code of Civil Procedure provides: " Costs in a special proceeding instituted in a court of record, or upon an appeal in a special proceeding taken to a court of record, where the costs thereof are not specially regulated in this act, may be awarded to any party in the discretion of the

court, at the rates allowed for similar services in an action brought in the same court or an appeal from a judgment taken to the same court, and in like manner."

A proceeding to acquire title to real estate under the general railroad act, is a special proceeding under the statute. This has been repeatedly held by the court of appeals. Under the section quoted, costs in special proceedings unless otherwise provided for, shall be in the discretion of the court. The court, therefore, has power in its discretion to award costs in these proceedings, and when costs are allowed they are to be at the rate allowed for similar services in an action.

It is claimed on the part of the respondent, that costs are not allowable under this section, because of the provisions of section 3250 of the Code. That section provides: " This title does not affect any provisions contained elsewhere in this act, or in any other statute remaining unrepealed after this chapter takes effect, whereby that award of costs is specially regulated in a particular case, otherwise than as prescribed in this statute." It is claimed that because some mention is made of costs in the general railroad act, that there is a special provision for costs under that statute, and that therefore section 3240 of the Code is not applicable. Upon reference to the general railroad act, we find that the commissioners in making their appraisal as to the value of the property, are also required to determine what sum ought to be paid to the general or special guardian or committee of an infant, idiot or person of unsound mind, or to an attorney appointed by the court to attend to the interests of any unknown owner or party in interest, not personally served with notice of the proceedings and who has not appeared, for costs, expenses and counsel fees. This statute also makes provision as to the compensation which shall be allowed to the commissioners for each day of service rendered by them, and so on.

Whilst these provisions specify as to certain costs and disbursements. They do not regulate the general costs and disbursements in the proceedings. We are, therefore, of the

opinion that section 3240 above quoted is not affected thereby (*In the Matter of the Application of the Rensselaer and Saratoga Railroad Company* agt. *Davis*, 55 *N. Y.*, 145 ; 4 *Hun*, 311).

Costs being discretionary, and, when allowed, being at the rates allowed for similar services in actions, the only question left to be determined is as to whether or not the appellant was entitled to the trial fee in this case. Section 3251 provides that when costs are awarded to a party in an action they must be at the following rates : " For the trial of an issue of fact, thirty dollars ; and where the trial necessarily occupies more than two days, ten dollars in addition thereto." It will be seen, therefore, that a trial fee is only allowed when there is an issue. In this case no issue was joined, no question of fact raised for trial. The commissioners were appointed without opposition. The taking of evidence by the commissioners, for the purpose of determining the value of the real estate, was not a trial of the action in court, and no trial fee can be allowed.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

So ordered.

SMITH, P. J., concurs ; HARDIN, J., concurs in the result.