IN THE MATTER OF THE APPLICATION OF THE NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY TO ACQUIRE LANDS OF ELIZABETH J. WAGNER AND MARY GOODSELL.

*Proceedings to take land for railroad purposes — costs may be awarded to any party — Code of Civil Procedure, sec. 3240 — When no trial fee should be allowed.*

In proceedings to acquire title to land instituted under the general railroad act the court may in its discretion, under section 3240 of the Code of Civil Procedure, award costs to any party at the rates allowed for similar services in an action brought in that court.

Upon the presentation of a petition, presented under the said act, commissioners were appointed without opposition and thereafter a hearing was had before them, at which witnesses, subpœnaed by the land owners, were sworn and examined as to the value of the land. Upon the confirmation of the report the court allowed the land owners their witness fees and disbursements, but refused to allow them a trial fee.

*Held*, that as no issue had been joined, and as no question of fact had been raised or tried, the order of the court was proper and should be affirmed.

APPEAL by Wagner and Goodsell from so much of an order of the Monroe Special Term as denies the appellants costs of these proceedings.

*McMaster & Parkhurst*, for the appellants.

*Miller & Nichols*, for the petitioner.

HAIGHT, J.:

From the case it appears that the petitioner presented a petition to the Supreme Court for the appointment of commissioners of appraisal under the general railroad act; that no issue was formed or trial had; that the court appointed commissioners, and a hearing by the parties interested was had before such commissioners. On such hearing the defendants subpœnaed witnesses and had them sworn before the commissioners as to the value of the land. Upon the confirmation of the report of the commissioners the court allowed the appellants their witness fees and disbursements, but refused to allow them a trial fee. The real contest presented by this appeal is whether or not the appellant is entitled to a trial fee.

council. The common council can hold them responsible for the

Section 3240 of the Code of Civil Procedure provides: "Costs in a special proceeding instituted in a court of record, or upon an appeal in a special proceeding taken to a court of record, where the costs thereof are not specially regulated in this act, may be awarded to any party in the discretion of the court, at the rates allowed for similar services in an action brought in the same court, or an appeal from a judgment taken to the same court, and in like manner.".

A proceeding to acquire title to real estate under the general railroad act, is a special proceeding under the statute. This has been repeatedly held by the Court of Appeals. Under the section quoted, costs in special proceedings, unless otherwise provided for, shall be in the discretion of the court. The court, therefore, has power in its discretion to award costs in these proceedings, and when costs are allowed they are to be at the rate allowed for similar services in an action.

It is claimed on the part of the respondent that costs are not allowable under this section because of the provisions of section 3250 of the Code. That section provides: "This title does not affect any provision contained elsewhere in this act, or in any other statute, remaining unrepealed after this chapter takes effect; whereby the award of costs is specially regulated, in a particular case, otherwise than as prescribed in this title." It is claimed that because some mention is made of costs in the general railroad act, that there is a special provision for costs under that statute, and that therefore section 3240 of the Code is not applicable. Upon reference to the general railroad act, we find that the commissioners, in making their appraisal as to the value of the property, are also required to determine what sum ought to be paid to the general or special guardian or committee of an infant, idiot, or person of unsound mind, or to an attorney appointed by the court to attend to the interests of any unknown owner or party in interest, not personally served with notice of the proceedings, and who has not appeared, for costs, expenses and counsel fees. This statute also makes provision as to the compensation which shall be allowed to the commissioners for each day of service rendered by them, and so on.

Whilst these provisions specify as to certain costs and disbursements, they do not regulate the general costs and disbursements in

the proceedings. We are therefore of the opinion that section 3240 above quoted is not affected thereby. (*In the Matter of the Application of the Rensselaer and Saratoga Railroad Company* v. *Davis*, 55 N. Y., 145; *Matter of Syracuse, B. and N. Y. R. R. Co.*, 4 Hun, 311.)

Costs being discretionary, and when allowed being at the rates allowed for similar services in actions, the only question left to be determined is as to whether or not the appellant was entitled to the trial fee in this case. Section 3251 provides that when costs are awarded to a party in an action they must be at the following rates: "For the trial of an issue of fact, thirty dollars, and where the trial necessarily occupies more than two days, ten dollars in addition thereto." It will be seen, therefore, that a trial fee is only allowed when there is an issue. In this case no issue was joined, no question of fact raised for trial. The commissioners were appointed without opposition. The taking of evidence by the commissioners for the purpose of determining the value of the real estate was not a trial of the action in court, and no trial fee can be allowed.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

SMITH, P. J., concurred; HARDIN, J., concurred in the result.

So ordered.