(66 Misc. Rep. 216.)

### In re YOUNG.

(Ontario County County Court. February, 1910.)

COSTS (§ 162*)—ITEMS—SPECIAL PROCEEDINGS.
 Where the holder of a liquor tax certificate traverses the allegations of the motion charging him with violating the liquor tax law (Consol. Laws, c. 34), and asking for revocation of his certificate, and an order to show cause is granted, and the petitioner is successful on the trial of the issue raised by the answer, he is, under Code Civ. Proc. § 3240, entitled to tax in the bill of costs $25 for proceedings before notice of trial, $4 for two additional defendants, for all proceedings after notice and before trial $15, and a trial fee of $30.
 [Ed. Note.—For other cases, see Costs, Dec. Dig. § 162.*]

Application of George K. Young for revocation of a liquor tax certificate issued to Stephen P. Mitchell. Certificate revoked. On motion by respondent for a new taxation of petitioner's costs. Overruled.

Friend H. Miller, for petitioner.
William S. Moore, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

THOMPSON, J.   A liquor tax certificate heretofore issued to the respondent has been revoked, with costs; and the petitioner has caused his costs to be taxed, including the following items, to which the respondent objects upon the ground that they are not authorized by the Code, and that no notice of trial of such a proceeding is provided for by any statute, but that the same is brought to a hearing only on an order to show cause, as provided by the liquor tax law (Consol. Laws, c. 34) : For all proceedings before notice of trial, $25; two additional defendants, $4; for all proceedings after notice and before trial, $15. The petitioner has also taxed a trial fee of $30, to which the respondent does not object.

This is a special proceeding, and the matter of costs is governed by section 3240 of the Code of Civil Procedure, which provides that costs "in a special proceeding, instituted in a court of record, or upon an appeal in a special proceeding, taken to a court of record, where the costs thereof are not specially regulated in this act, may be awarded to any party, in the discretion of the court, at the rates allowed for similar services, in an action brought in the same court, or an appeal from a judgment taken to the same court, and in like manner."   Matter of Loper, 32 Misc. Rep. 534, 67 N. Y. Supp. 329.   This section is substantially a re-enactment of the provisions of chapter 270 of the Laws of 1854, and the decisions under that act are generally applicable to cases arising under the Code of Civil Procedure.   Matter of Holden, 126 N. Y. 589, 592, 27 N. E. 1063.

This proceeding was instituted by an order to show cause which was served upon the State Commissioner of Excise, the county treasurer of Ontario county, and the respondent.   Upon the return day the respondent appeared and interposed an answer, verified and in due form, in which he traversed the allegations contained in the motion papers charging him with violating the liquor tax law.   The issues so raised were thereafter tried by the court and decided against the respondent.   The proceeding is analogous in its purpose and scope to an action. · The parties are brought into court by the service of the order to show cause and the affidavits, which serve the joint purpose of a summons and complaint and notice of trial.   Issue may be joined by answer, and an immediate trial thereof may be had before the court.   It cannot be said to be more similar to a motion which in general relates to some incidental question collateral to the main object of an action.   Rensselaer & Saratoga R. R. Co. v. Davis, 55 N. Y. 145, 149.

It follows, the proceeding being similar to an action, that the services therein performed are similar to those required in an action and should be compensated for at the same rates; and this may be said of each of the items to which the respondent has filed objections.   It is true that there are two cases in which the courts have held that the rejection of the costs before notice of trial in such proceedings is proper; one, Rensselaer & Saratoga R. R. Co. v. Davis, 55 N. Y. 145, and the other, Matter of Barnett, 11 Hun, 468.   In both of these cases the other items that are questioned in this motion were allowed, but for some undisclosed reason the costs before notice of trial were re-

fused. In the Rensselaer & Saratoga Railroad Company Case the Court of Appeals contented itself with affirming the judgment below, without alluding to the fact that it thereby rejected this item. It seems, however, that the court held that in such proceeding full costs should be given, for on page 149 we find them making use of the following language:

"In view of the real character of the proceeding in this case, we are of opinion that the Special Term was right in assimilating the services in resisting the application, to services in defending an action, and was justified in awarding full costs, on the hearing and upon appeal, as in an action, at the rates prescribed by the Code."

In the Barnett Case this item is stricken out upon the authority of the Rensselaer & Saratoga Railroad Company Case aforesaid, without comment. The cases of Power v. Village of Athens, 19 Hun, 165; People ex rel. Scudder v. Cooper, 20 Hun, 486, and Estate of McMaster, 48 Hun, 620, 1 N. Y. Supp. 225, were all proceedings in actions, and seem to have been decided upon the theory that only motion costs were taxable. But, as has been said, this proceeding is analogous to an action, and not to a motion, and, therefore, these decisions do not apply. Rensselaer & Saratoga R. R. Co. v. Davis, supra.

The objections to the items of costs are each overruled, without costs, the question being new.

Ordered accordingly.