In re MAYER'S WILL.

(Surrogate's Court, New York County. December 1, 1913.)

1. WILLS (§ 344*)—FOREIGN WILL—TRANSLATION.

Where a French will is offered for probate, it must be translated into English before the decree of probate is entered and the will enrolled.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 800, 801; Dec. Dig. § 344.*]

2. WILLS (§ 243*)—PROBATE—FOREIGN WILLS.

Where testator, a resident of France, left a will in English executed July 15, 1908, purporting to dispose of personal property only, and on February 1, 1911, he made another testamentary instrument in France in the French language, also disposing of personal property, the two instruments, being conceded to be interdependent, were both entitled to probate in New York.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 573-576; Dec. Dig. § 243.*]

3. WILLS (§ 309*)—FOREIGN WILLS—TRANSLATION—QUESTION OF FACT.

In a proceeding to translate a foreign will, an issue as to the true translation of foreign words is a question of fact to be determined in the Surrogate's Court in the probate proceeding.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 735-737; Dec. Dig. § 309.*]

4. EXECUTORS AND ADMINISTRATORS (§ 20*)—PROBATE—APPLICATION FOR LETTERS TESTAMENTARY—INDEPENDENT PROCEEDINGS.

A proceeding for letters testamentary is distinct from a proceeding to probate a testamentary script as a last will; the probate proceeding being confined to a determination of the single question whether the testamentary script is entitled to probate, which must be determined before an application for letters may be properly made.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 83-105; Dec. Dig. § 20.*]

Application for proof of the last will and testament of Constant Mayer. Granted.

Walter E. Meyer, of New York City (Harry W. Mack, of New York City, of counsel), for Jacques Henri Dreyfuss, Grand Rabbi of France, proponent of the French will.

M. S. & I. S. Isaacs, of New York City, for Arnold W. Brunner, individually and as executor; Emma Brunner, Gertrude Levy and Young Women's Hebrew Association, legatees.

Maurice Leon, of New York City (Lewis M. Isaacs, of New York City, of counsel), for Richard Gottheil, as executor.

Corbitt & Stern, of New York City, for Frederick Gotthold, as executor.

Wolf & Kohn, of New York City, for Home for Aged and Infirm Hebrews, legatee.

Hoadly, Lauterbach & Johnson, of New York City, for Mt. Sinai Hospital and Hebrew Orphan Asylum, legatees.

FOWLER, S. The testator, Constant Mayer, deceased, a resident of France, domiciled in the city of Paris, died in Paris on the 11th of

May, 1911. He left a will in the English language made and attested in Paris, France, on the 15th day of July, 1908. This will purports to dispose of personal property only; it contains several general legacies and nominates three executors. There was then and is now a large sum lying at the private bank of the Messieurs Kuhn, Loeb & Co., of this city, and a part of the estate of testator. On the 1st of February, 1911, the French testator made in Paris another testamentary instrument, this time in the French language. This later testamentary instrument also disposes of personal property, contains several general legacies, and nominates M. Eugene Cuisenier executor thereof. There was then a lesser amount belonging to testator lying at the private bank of the Messieurs Morgan, Harjes & Co., of Paris.

The executors named in the so-called American will filed a petition for probate of the American instrument only on September 22, 1911. Objections to such probate were next interposed by M. Jacques Henri Dreyfuss, the Grand Rabbi of France, mentioned in the French testament. On the 6th of August, 1912, Monsieur Dreyfuss filed a petition for the probate of the French testament. Objections thereto were then interposed by several of the legatees under the American testamentary writing. On the 4th of November, 1912, the several proceedings for probate were duly consolidated. On the 24th of April, 1913, an order was entered, on a stipulation in writing, directing that all objections interposed in either proceeding should be withdrawn and stand for naught, with the same effect as if such objections never had been filed. It is now conceded by all the parties before the court that the American will and the French will are duly proved, and are both entitled to probate, and that standing together they now constitute the last will and testament of the late M. Constant Mayer.

[1] The French testament, not being in the English tongue, must be first translated before the decree of probate may be entered in this jurisdiction and the will duly enrolled. In other words, the English version of the French testament must be annexed to and made a part of our decree of probate. Caulfield v. Sullivan, 85 N. Y. 153, 161; Dixon on Probate, London, 1912, 150.

[2] It has been conceded, as already stated, that the testamentary papers are dependent one on the other, and I take it that this must be so in order to entitle the French will of French property, by a French citizen, to probate in this jurisdiction. Murray, 1896, P., at page 71; Howden, 1874, 43 L. J. P. 26; Mercer, 1870, 2 P. & D. 91; Astor, 1876, 1 P. D. 150. I assume in passing that where a French will disposes only of testator's French property, and an American will of American property only, the French will is not prima facie or in all instances entitled to probate in this jurisdiction. The cases in other probate jurisdictions bear me out in this conclusion. In the Goods of the Rt. Hon. Sir Charles Murray, K. C. B., 1896, P. 65; Re Goods of Goode, 1867, 1 P. & D. 449; Re De la Rue, 1890, 15 P. & D. 185; Re Fraser, 1891, P. 285; Re Seaman, 1891, P. 253; Re Cathaway, 1890, 15 P. & D. 147; Re Astor, 1876, 1 P. & D. 150; Re Goods of Tamplin, 1894, P. 39; Re Smart, 1884, 9 P. & D. 64; Re Schenley, 1904, 20 T. L. R. 127; Re Mann, 1891, P. 293. But as the precise point is

not now here it will be reserved. The wills in this case are, as stated, interdependent, and the French testament is therefore entitled to probate on that ground alone. In the case of the Dowager Duchess of Manchester's wills lately before me, both her English will and her American will were probated in this jurisdiction, but no question seems to have been raised on the probate (In re Hollins, 79 Misc. Rep. 200, 139 N. Y. Supp. 713).

[3] Both testamentary papers, in this matter, being entitled to probate in this jurisdiction, there is a novel contention now presented to me concerning the correct translation from French to English of two important French words contained in the French testament. I am very clear that translation to our own from a foreign language is a matter of fact, and that it ought to be determined on evidence and as other matters of fact are determined in this court. It was, I think, at my suggestion that testimony of experts was taken on the meaning of the disputed French words. It is always the obligation of a probate court to determine what the testamentary script entitled to probate is, or, in other words, what are the constituents of the will entitled to a decree of probate. Such a power is an incident of the probate jurisdiction. This principle needs no citation of authority. This being so, it is a necessary corollary, that it is incumbent on the surrogate to determine on the evidence what English version of the French script is entitled to probate. It is the English version which is probative.

The first French word in dispute is "notamment," contained in the first paragraph of the French holographic testament:

"Ceci est mon testament. J'institue M. Eugène Cuisenier mon exécutaire testamentaire avec saisine et pouvoir de toucher seul sur sa simple signature toutes les sommes et créances que je pourrais posséder à mon déces, notamment toutes les sommes en dépot chez Messieurs Morgan, Harjes et Cie, banquiers à Paris. * * *"

The testimonial evidence of the bilingual experts, duly qualified to testify, differs as to the English equivalent of notamment. Some say the true translation is including or especially; others say particularly or notably. After carefully perusing the evidence, I am satisfied that it establishes that the English word notably best conveys the more precise English meaning of "notamment." In determining in this proceeding the script entitled to probate and enrollment, I cannot travel outside of the record, or resort to my own imperfect knowledge of such matters. I may, however, observe, without impropriety, that English-French dictionaries are in accord with my conclusion. If counsel will look at the English word notably in English-French lexicons and not for "notamment" in French-English dictionaries they will find that the English word notably is invariably translated by the French notamment. This shows at least a certain consensus of the English lexicographers. But, as I said, I do not proceed by the dictionaries which I myself have examined, but wholly by the evidence given in this proceeding.

The next word in dispute is the French word "dispositions" in the following clause of the French testament:

"Je maintiens toutes les autres 'dispositions' que j'ai pu faire par autre testament. * * *"

It is contended in behalf of the American executors that "dispositions" should be Englished by the word provisions, but in behalf of the Grand Rabbi that the French word "dispositions" should be taken in a more general sense in English. The expert Monsieur Courtois, a French barrister, testifies in substance that in testamentary parlance the French word disposition means disposition of property only (dispositions de propriété), that is to say, alienations of property, and that the words "dispositions d'un testament" do not refer to all the provisions of a will, but to its dispository clauses only. The expert, Monsieur Lesourd, "Barrister in the Court of Appeals in Paris," on the other hand, testifies in substance that the French word "disposition" in testamentary parlance should not be translated by the English word "provisions," but by some larger English word, not confining the meaning to testamentary dispositions of property only, but so as to embrace the clause nominating the French executor. After examination of all the evidence, I am satisfied that the French word "dispositions" in the French testament should be translated for the purpose of this proceeding by the English words "dispository provisions." It is the surrogate who is bound to judge of the effect of the expert testimony; he is not bound to take it too literally.

I will go no farther in this proceeding for probate than to decree probate of the American will, and also probate of the French testament, translated in precise accordance with this opinion. I will not now determine the conflicting claims made in this proceeding to letters testamentary; nor will I now pass on the reserved objections to evidence bearing on the right to letters. I am now sitting in this proceeding for probate as a probate judge only, and I must first discharge the obligations of that jurisdiction before proceeding farther. The surrogate is not empowered in this proceeding to decide such abstract questions (Re Tucker, 1864, 3 S. & T., 585, 586), as the right to letters. Foreseeing that such questions as the better right to letters testamentary must necessarily arise on wills in a great commercial and populous state where legal questions of refinement grow apace with the always increasing business, wealth, and population of the community, I undertook in Matter of Meyer, 72 Misc. Rep. 566, 131 N. Y. Supp. 27 cited (to me by all the parties), to outline the nature of the powers of a surrogate under the existing laws of this state. I ventured to intimate in that decision that the incidental powers of construction, inherent in the grant of general jurisdiction to the surrogate, might in the end prove to be somewhat larger than the adjudicated cases had probably contemplated, when they narrowed the surrogates' powers of construction to substantially two instances: Decrees of distribution in accountings and probate proceedings where construction was specially allowed to be raised under the new statute. 72 Misc. Rep. 569, 131 N. Y. Supp. 27. I then thought that it might be necessary for the surrogate to construe wills in various other proceedings properly in this court.

[4] The proceeding for letters testamentary is, however, a separate proceeding from one to probate a testamentary script as a last will. In the independent proceeding for letters it may be necessary to construe

the will if I have the power. The question concerning the right to letters testamentary depends on construction and it should be reserved until after the decree of probate is signed. It ought not to be determined before probate. We will "cross the second bridge when we come to it," but only on an independent application and after argument on the court's jurisdiction has been fully heard if desired by counsel. Then I will pass on the objections to the testimony of the French experts if it become necessary. The parties have leave to apply to me for letters testamentary on the same evidence and testimony already taken in this court so as not to subject them to any inconvenience.

A fair copy of the proposed decree of probate only, having annexed to it the English translation of the French testament, made in accordance with this opinion, should be next settled on due notice. Any party may serve such proposed decree. Proceed accordingly.