Surrogate's Court, Westchester County, January, 1922.    [Vol. 117.

In the Matter of the Application of SUSAN T. SABIN
and ANNA J. GOULD, for the Appointment of a Suc-
cessor Trustee under the Last Will and Testament
of SAMUEL J. TILDEN, Deceased.

(Surrogate's Court, Westchester County, January, 1922.)

Surrogates' Courts — practice — filing copy of lost instrument —
appointment of administrator with the will annexed denied!
— successor trustee appointed.

> All three executors under a will which created specific trusts
> died without filing an account of their proceedings.  Two of
> the successor trustees being unable to agree upon the appoint-
> ment of a third trustee, as authorized by the will, the bene-
> ficiaries of the trust filed a petition for the appointment of a
> third successor trustee as well as for the appointment of an ad-
> ministrator with the will annexed.  *Held,* that the answer of one
> of the successor trustees, who asked leave to file *nunc pro tunc*
> a copy of a writing signed by one of the deceased trustees,
> could be used only as an objection to the granting of the
> letters asked for and not as a basis for the taking of proof
> and decision thereon, with relation to the granting of letters
> to a successor executor.
>
> Application for appointment of administrator with the will
> annexed denied, and a third successor trustee appointed.

APPLICATION for appointment of administrator with
the will annexed and successor trustee.

John F. Couts, for petitioners.

John M. Digney (Henry W. Jessup and R. Emmett
Digney, of counsel), for respondent.

SLATER, S.  The decedent died August 4, 1886, leav-
ing a will which was admitted to probate October 20,
1886, and letters testamentary were duly issued to
John Bigelow, George W. Smith and Andrew H. Green,

all of whom also acted as trustees under said will. All three executors are now deceased. There has never been an accounting by the executors filed in this court. The court is without knowledge as to whether or not there are any unadministered assets. Under the 19th, 20th and 22d paragraphs of said will, certain specific trusts were created for the petitioners herein. In a proceeding brought in the Supreme Court, Honorable Charles F. MacLean, by order dated November 30, 1913, was appointed a trustee in place and stead of John Bigelow, deceased, and, by order dated October 31, 1917, the Supreme Court appointed Charles H. Strong successor trustee of the trust created by the 19th and 20th articles of the will, in favor of the petitioner, Susan T. Sabin. By order dated December 3, 1917, said Strong was also appointed successor trustee to said Randolph under the 22d article of said will in which the petitioner, Anna J. Gould, is beneficiary. George W. Smith, the sole surviving executor of and trustee under said will, died February, 1921, and the two successor trustees have been unable to agree upon the appointment of a third trustee as authorized by the 6th clause of said will. Such disagreement has occasioned the petitioners to make this application for the appointment of a third successor trustee, as well as for the appointment of an administrator *c. t. a.* The respondent, former Justice MacLean, has interposed an answer and, by alternative relief, presents for filing a paper writing (apparently a copy) signed by George W. Smith, appointing him as successor executor in execution of a power of appointment given by the said will. He asks leave to file it *nunc pro tunc.* It appears that the original paper writing cannot be found; assuming that the surrogate has jurisdiction, proof must be made as of a lost document. The court at this time will not decide the question as to its juris-

diction to take proof of the lost document which purports to name a successor executor, and from which must flow the power of an executor, upon issuance of letters testamentary. It is contended by the respondent that section 117 of the new Practice Act relating to motions and orders (former section 768 of the Code of Civil Procedure) applies in the Surrogate's Court by virtue of section 316 of the Surrogate's Court Act (former section 2770 of the Code of Civil Procedure). The provision of the Surrogate's Court Act regarding certain provisions being made applicable to proceedings in the Surrogate's Court says: "Except where a contrary intent is expressed in, or plainly implied from the context of, a provision of law or of rules, applicable to practice or procedure in the supreme court, applies to surrogates' courts and to the proceedings therein, so far as they can be applied to the substance and subject matter of a proceeding without regard to its form." Section 49 of the Surrogate's Court Act (former section 2519 of the Code of Civil Procedure) sets forth the kind of pleadings to be used in that court, and says: "All petitions, answers and objections shall contain a plain and concise statement of the facts constituting the claim, objection or defense." In *People ex rel. Lewis* v. *Fowler,* 229 N. Y. 84, it was held that the former sections 870–886 of the Code of Civil Procedure, now sections 288–309 of the Civil Practice Act, were made applicable by section 2770 of the Code of Civil Procedure, now section 316 of the Surrogate's Court Act. These sections relate to the examination of a party for taking a deposition by commission; they relate to a right regarding evidence, not to pleadings.

Former section 768 of the Code of Civil Procedure relates to motions. A motion relates to some incidental question collateral to the main object of the

action.  A motion is not a remedy, but is only connected with and dependent upon the principal remedy. Motions generally relate to matters of proceeding. *Matter of Jetter,* 78 N. Y. 601. General equitable power of this court cannot be examined upon a motion. There is no decision holding that former section 768 of the Code of Civil Procedure applies to the Surrogate's Court.  In my opinion, section 2519 provides the exception, and expresses the contrary intent, as stated in section 2770.  Therefore, I shall hold that the answer of the respondent may be used only as an objection to the granting of letters *c. t. a.* as asked for by the petitioners and not as a basis for the taking of proof and decision thereon with relation to the granting of letters to a successor executor.  Every proceeding in the Surrogate's Court shall be commenced by the filing of a petition.  Section 48, Surrogate's Court Act (former section 2518 of the Code of Civil Procedure).  An application for letters testamentary is a separate proceeding. *Matter of Mayer,* 144 N. Y. Supp. 438.

The application for letters *c. t. a.* is denied.  The relief asked for in the appointment of a successor trustee under said will in execution of the trusts provided for in the 19th, 20th and 22d clauses of said will is granted.  The court will appoint a successor trustee of the trusts in the above named articles.  An order may be submitted wherein the court will designate such a successor trustee.

Ordered accordingly.