### BURKLE vs. LUCE.

A defendant in error, who was prosecuted in the Court below for an act done by him as a public officer, is entitled to double costs in error, on the affirmance of the judgment.

The Court of Appeals does not lose jurisdiction of a cause brought up by writ of error, until·the *remittitur* is actually filed with the Clerk of the Court below.

Double costs. The defendant in error was sued in the Supreme Court for an act done by him as a public officer. The judgment in that Court was in his favor, and was affirmed by this Court in January last. The usual entry of the judgment was made· by the Clerk, giving only single costs, and without any request for that purpose the Clerk also made out a *remittitur* and sent it by mail to the Attorney for the defendant in error. The Attorney seeing that only single costs were allowed, did not file the *remittitur* in the Supreme Court, but kept it in his own hands, and now moved this Court that the entry of the judgment be so corrected as to give double costs.

*N. Hill, jr.* for the motion, cited 2, *R. S.* 617, § 24; *Murray* vs. *Blatchford*, 2 *Wend.* 221.

Martin *v.* Wilson.

*J. E. Carey*, for plaintiff in error, insisted that as the *remittitur* had been sent to the Attorney for the defendant in error, who might file it in the Supreme Court at pleasure, this Court had lost jurisdiction of the cause. (*Delaplaine* vs. *Bergen*, 7 *Hill* 591; *Legg* vs. *Overbagh*, 4 *Wend.* 188.) Also that the statue allowing double costs did not apply to a defendant in a writ of error.

THE COURT held, that the statue gives double costs to public officers on writ of error as well as in the Court of original jurisdiction. Also, that the Court did not lose jurisdiction until the *remittitur* should be filed in the Court below; and as that had not been done in this case, that the motion might be granted, on condition that the Attorney return the *remittitur* to the Clerk of this Court to be cancelled.

Rule accordingly.