## SUPREME COURT.

### WILLIAM WHEELOCK, Commissioner of Highways, &c., agt ABNER HOTCHKISS.

Where judgment is obtained against a defendant sued as a public officer, in a justice's court, and on appeal to the county court the judgment is reversed, and on appeal by the plaintiff to the supreme court, the judgment of the county court is affirmed,

*Held*, that the defendant is not entitled to *double costs* upon the appeal to the *county court;* but is entitled to double costs on the appeal to the supreme court.

*Erie General Term, January,* 1860.

THERE was a recovery in the justices' court against the defendant, who was a *path-master*, and defended his acts as such officer. He appealed to the county court, and the judgment was reversed. The plaintiff then appealed to the supreme court, where the judgment of the county court was affirmed. And the question presented is, to what costs is the defendant entitled?

COOK & LOCKWOOD, *for plaintiff.*
SMITH & LAKIN, *for defendant.*

By the court—MARVIN, Justice. After consulting *Bartle* agt. *Gilman*, (17 *How.* 1), *Dockstader* agt. *Sammons*, (4 *Hill*, 546), and *Foster* agt. *Cleveland*, (6 *How.* 253), I have come to the conclusion that the defendant is not entitled to double costs upon the appeal to the county court, but is entitled to double costs upon the appeal to the supreme court.

In *Dockstader* agt. *Sammons*, the defendant, a constable, was beaten in the common pleas, and brought error to the supreme court, and the judgment was reversed; it was held that he was not entitled to double costs on the writ of error, he being plaintiff in error, and the statute only giving double costs to a defendant.

In *Foster* agt. *Cleveland*, the appellant is regarded, for the purposes of the statute, giving double costs as plaintiff, and the respondent as defendant. This being so, the defendant in this case was not entitled, according to *Dockstader* agt. *Sammons*, to double costs upon his appeal to the county court. But as he was respondent in the supreme court, and succeeded, he is entitled to the double costs. Such is the result of the two cases in 4 *Hill and* 6 *Howard.*

It is not necessary to apply to the court, in the first instance, for double costs. The clerk may adjust them. The case, 4 *Wend.* 216, related to treble damages and treble costs. By the statute, the damages are to be treble the amount *assessed* by the *jury*. (2 *R. S.* 338, § 1.)