# SUPREME COURT.

Matthew W. Stewart agt. Jackson S. Schultz and others, Commissioners of the Metropolitan Sanitary District, Thomas C. Acton and others, Commissioners of the Metropolitan Police, constituting The Metropolitan Board of Hlalth.

*The Metropolitan Board of Health* of the city of New York, when sued as such, cannot *sever*, and appear by attorney separately, although they are composed of the Commissioners of the Metropolitan Sanitary District, and the Commissioners of the Metropolitan Police.

Consequently, where the Board of Health, as defendants, sever, and appear by separate attorneys, they are entitled to but *one bill of costs*, when they are successful.

The statute allowing *double costs* to public officers, sued for official acts, is not repealed. But the party entitled *to* double costs, must apply to the court for them. The *clerk* is not authorized to decide upon allowing or disallowing them on taxation. (*See Wheelock* agt. *Hotchkiss*, 18 *How*. 468, *contra as to the authority of the clerk*.)

An action against the Metropolitan Board of Health, for an *injunction* restraining them from interfering with the business of the plaintiff as a butcher, is not brought for an act done, or for an omission to do an act which it was their duty to perform, but simply seeks to prevent any act from being done, and does not come within the provisions of the statute allowing double costs to public officers.

*New York Special Term, March,* 1867.

IN this case an injunction was granted restraining the defendants from interfering with, or hindering the plaintiff in his business as a butcher; and the defendants severed in their answer. The injunction having been dissolved, the action was ordered to be discontinued on payment of taxable costs.

The clerk on the taxation, disallowed the costs of the attorneys for the Police Commissioners, but allowed double costs, including double disbursements, to the attorney for the Sanitary Commissioners.

ABRAHAM R. LAWRENCE, JR., *attorney for plaintiff.*

BROWN, HALL & VANDERPOEL, *attorneys for Police Commissioners.*

GEORGE BLISS, JR., *attorney for Sanitary Commissioners.*

INGRAHAM, J. The clerk was right in refusing to tax more than one bill of costs. The defendants were sued as the Board of Health, and they could not sever. Separate appearances were irregular; as well might the two boards of the common council appear by separate attorneys, as the component parts of the Board of Health.

The statute allowing double costs to public officers sued for official acts is not repealed. (18 *N. Y. R. p.* 260.) But it was held the party must apply to the court for them. (*Graham's Pr. p.* 733; 4 *Wend.* 216.) And the clerk is not to decide whether double costs are to be allowed. A con-

trary rule is stated by MARVIN, J., in 18 *Howard*, 468. This is not, however, material, as I do not consider this to be one of the actions specified in the Revised Statutes. (3 *R. S. 5th ed. p.* 909.) That applies only to actions brought for an act done, or for an omission to do an act which was his duty.

This was a proceeding to restrain the Board of Health from interfering with the plaintiff. It did not claim any damages or ask for any relief, either for acts done or omitted, but sought to prevent any from being done.

The disbursements taxed prospectively, must be deducted if the costs are paid.

Re-taxation ordered.