### In re CLARKE'S ESTATE.

*(Supreme Court, Special Term, Monroe County. June, 1891.)*

1. COSTS—SPECIAL PROCEEDINGS—TRIAL FEE.
    A special proceeding in the supreme court by an administratrix of a will for leave to mortgage real estate of testator for the purpose of paying an annuity given by the will was begun by service of a petition and notice of motion. A reference to hear and report was ordered, a hearing was had before the referee, and an order was entered on the referee's report directing that the mortgage be executed. *Held*, that there was a trial, and costs before and after notice of trial, and a trial fee, were taxable under Code Civil Proc. N. Y. § 3240, which provides that "costs in a special proceeding instituted in a court of record, * * * where the costs thereof are not specially regulated in this act, may be awarded * * * at the rates allowed for similar services in an action brought in the same court."

2. SAME—PRINTING CASE.
    The printing of evidence taken before a referee to whom a special proceeding was referred to hear and report, and used on the hearing at special term with the referee's report and other papers, is not the making of a case for which a fee of $20 may be taxed.

Petition by Eliza W. Clarke, as administratrix with the will annexed of David Clarke, deceased, and acting as trustee under the will, for leave to mortgage real estate of said testator. The proceeding was brought under Laws N. Y. 1886, c. 257, amending 1 Rev. St. N. Y. p. 730, § 65, (8th Ed., vol. 4, p. 2439,) relating to uses and trusts, for the purposes of paying an annuity given to the widow of the decedent by the will, and for raising money to pay future taxes as well as taxes then assessed, though not due at the time of the beginning of the proceeding. The referee, to whom the matter was referred to take evidence and report, advised that the petition be dismissed on the ground that the real estate sought to be mortgaged was not included in the trust. On the coming in of the referee's report the special term directed that the mortgage be executed for the purposes set out in the petition. On appeal, the general term reversed the order of the special term with costs, (14 N. Y. Supp. 43,) and denied the petition with costs. On taxing the costs the clerk allowed appellants, who were the heirs at law of testator, $10 motion costs and disbursements, and $10 costs of appeal from the order. The heirs now move for a retaxation.

*Dunmore & Sholes,* (*W. T. Dunmore,* of counsel,) for the heirs. *Fanning & Williams,* for petitioner.

RUMSEY, J. That this is a special proceeding is conceded. It is also conceded that the order appealed from is a final order. The law is clear that, when allowed, costs in special proceedings are to be taxed at the same rate allowed for similar services in an action or on appeal from a judgment. Code Civil Proc. § 3240.[1] The proceeding was begun by the service of a petition

---

[1] Code Civil Proc. N. Y. § 3240, is as follows: "Costs in a special proceeding instituted in a court of record, or upon an appeal in a special proceeding taken to a court of record, where the costs thereof are not specially regulated in this act, may be awarded to any party, in the discretion of the court, at the rates allowed for similar services in an action brought in the same court, or an appeal from a judgment taken to the same court, and in like manner."

and notice of motion, and upon the objection of the contestants the matter was referred to a referee to take proof of the facts. A hearing was had before him, and upon his report a final order was made. That hearing was, I think, a trial, within the statute fixing the amount of costs. A trial is the judicial examination of the matters in controversy between the parties before the proper tribunal. The questions may be raised by pleadings, as in an action, or by any other assertion and denial which in the way required by law shall advise the court that the taking of testimony, or an examination of the facts, is necessary to give judgment in the case between the parties. It differs from the hearing upon a motion in that the motion relates to some incidental question collateral to the main object of the proceeding, and is connected with and dependent upon the principal remedy, (*Railroad Co.* v. *Davis*, 55 N. Y. 145,) while the object of a trial is to ascertain whether the party is entitled to the principal remedy which is the object of his proceedings. The hearing before the referee in this case was to enable the court to ascertain whether or not the petitioner was entitled to the relief demanded, and as the result of the hearing a final order was made, after evidence had been given on both sides. This was clearly, I think, a trial of the proceeding. The case differs from that of *In re New York, L. & W. Ry. Co.*, 26 Hun, 593, because in that case the petition asking for the appointment of commissioners was not opposed, and therefore the relief demanded in the special proceeding was granted without a trial. There having been a trial, the costs up to the making of the final order must be taxed as for the same services in an action, to-wit: Before notice, $10; after notice, $15; trial fee, $30; trial occupied more than two days, $10. Code Civil Proc. § 3251. The order made by the special term, and which was appealed from, was a "final order," as the Code calls it, (sections 1356, 1358,) as distinguished from an intermediate order. Upon an appeal from such an order the authorities are clear that the costs are the same as upon an appeal from a judgment. *In re Jetter*, 78 N. Y. 601; *People* v. *Bank*, 96 N. Y. 32, 37; Code Civil Proc. § 3240. But there was no case made. The evidence taken before the referee, and used at the special term, was printed, as it must have been, with the report and the other papers used at that hearing. That was not the making of a case, and the charge of $20 for making and serving a case cannot be allowed unless a case is actually made, which was not done. This item was properly disallowed by the clerk. The items of disbursements objected to were also properly disallowed. The costs must be retaxed, and the following items allowed in addition to those already taxed by the clerk.

| | |
|---|---:|
| Costs before notice of trial, | $10 |
| Costs after notice and before trial, | 15 |
| Trial fee, | 30 |
| Trial occupied more than two days, | 10 |
| Appeal to general term before argument, | 20 |
| Appeal to general term for argument, | 40 |

As neither party has wholly succeeded on this motion, neither party shall have costs of the motion.