### SHAVER *v.* ELDRED.

*(Supreme Court, General Term, Fifth Department.* October 23, 1891.)

TRESPASS—PLEADING AND EVIDENCE.

A complaint, in an action appealed from a justice of the peace, stated that plaintiff was in possession of a farm through which the waters of the inlet to a lake were allowed to pass; that defendant raised the upper dam of the outlet of the lake, so that the waters of the lake and inlet backed up and overflowed plaintiff's farm, damaging his crops. Defendant attempted to oust the justice of jurisdiction by raising the issue of title to real estate, filing bond for removal, and, in addition, pleaded the general issue. *Held* that, even if under the steps taken by defendant an issue as to title could not be tried on appeal to the county court, defendant was entitled, under his general issue, to show that the legislature had appropriated the dam for the use of the Erie canal, and authorized the canal commissioners to increase its height, and to appropriate lands and water-rights necessary for the purpose, and that his actions with respect thereto were under authority of the state superintendent of public works, and that consequently plaintiff's remedy, if any, was against the state.

Appeal from Cayuga county court.

Action by Abram Shaver against Nelson B. Eldred for trespass. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*C. M. Baker,* for appellant. *H. V. Howland,* for respondent.

MACOMBER, J. This action was originally brought in a court of a justice of the peace, where a judgment of $30, besides costs, was rendered in behalf of the plaintiff, upon a complaint in trespass for flooding the lands of the plaintiff by raising the dam of the outlet of Owasco lake by means of flush-boards thereon, thus overflowing the plaintiff's farm. On appeal from that judgment to the county court, a new trial was had before the county judge, without a jury, resulting in a judgment for the plaintiff of $150 damages, besides costs. The general term of this court affirmed such judgment of the county court in a decision reported in 38 Hun, 632. But, upon application of the

·defendant, leave was granted to appeal from the judgment of affirmance to the court of appeals, where the judgments of the lower courts were reversed, and a new trial granted in the county court.  114 N. Y. 236, 21 N. E. Rep. 411. Upon the new trial in the county court, a jury having been waived, the judge, under findings of fact whereby he found that the plaintiff had sustained dam- .ages to the amount of $150, directed, as a matter of law, that judgment be ·entered for $200 damages, besides costs.  ·The court of appeals has held that this action is not maintainable, under the facts disclosed upon the first trial. It there appeared that in the year 1857 an act of the legislature was passed ·(chapter 524) appropriating this dam for the use of the Erie canal, subject to the use for hydraulic purposes by the owners of such dam.  The canal com- missioners were authorized to increase the height of the dam, and to appro- priate for that purpose necessary lands, water-rights, etc.  In pursuance of a resolution of the canal board, flush-gates were put upon the dam by the com- missioner in charge, raising the water above the dam.  Under an act of the legislature of 1874, (chapter 399,) this dam was rebuilt at the same height as ·the old one, with flush-gates two feet in height, taken from the old dam and built into the new.  The defendant, acting under authority in writing of the assistant superintendent of the public works of the state given to him two years before, opened· the gates of the dam, and in consequence thereof the water overflowed the lands of the plaintiff.  The court of appeals held, under these facts, that, assuming that the commissioners did not proceed in all things. as required by statute, yet the legislature, in subsequently making appropri- .ations and passing laws upon the subject, must be deemed to have acted with reference to what had been done by the canal authorities, and to have adopted .and ratified their acts, and that, consequently, at the time in question, the state had the right to use the flush-gates, and that the remedy, if any, of the person aggrieved, was by making a claim for compensation against the state. Under this decision of the court of appeals, had the same facts appeared at the .trial, it would have been the duty of the county court to have dismissed the ·complaint.  But it now appears, apparently for the first time, that the point is taken by the learned counsel for the plaintiff that, under the answer, the proof which had been offered upon the former trial, without objection, and under which the court of appeals has determined that no right of action exists, was incompetent.  At the trial before the county judge, now under review, .all attempts to prove the facts as they existed upon the former trial were ex- ·cluded by the learned county judge, upon the ground that such offers of evi- ·dence were incompetent and immaterial.  No objection is distinctively made to the competency of such evidence under the answer, or that the answer was not sufficient to admit the introduction of such evidence, save only an intima- tion contained· in the case, when the counsel for the defendant moved for a nonsuit, in which the court expressed the opinion that so much of the defend- .ant's answer as attempted to raise a question of title to real estate was not to be considered as part of the answer in this case.  If we understand the posi- tion of the county judge aright, and the argument made by the counsel for the plaintiff in support thereof, it is, in effect, that the defense relied upon,· the facts of which were offered to be ·proved, could not be permitted to be proven, unless a good and effective plea of title had been filed with the justice of the peace, with the usual undertaking approved by the justice, so as to oust the justice of jurisdiction by such plea of title, and conferring the right to try such a question solely upon the supreme court or the county court.  Under .subdivision 2 of section .2863 of the Code of Civil Procedure, a justice of the peace has not jurisdiction of a civil action where title to real property comes in question, as prescribed by a subsequent provision of the Code.  Under sec- tion 2951 the defendant may, either with or without other matter of defense, ·set forth in his answer facts showing that the title to real property will come in question.  The. justice of the peace is required, by the same section, to ·countersign the answer, and deliver it to the plaintiff.  By section 2952, the

defendant is required to deliver to the justice, with the answer, a written undertaking, executed by one or more sureties, approved by the justice, to the effect that if the plaintiff, within 20 days thereafter, deposit with the justice a summons and complaint in a new action for the same cause, to be brought in the proper court, the defendant will, within 20 days after the deposit, give written admission of the service thereof. Upon the proceedings before the justice of the peace, an undertaking was presented in due form, with two sureties, who justified amply, and yet the justice, for some reason undisclosed, disapproved of the undertaking. Whether such disapproval was made upon the ground that the case presented was not one proper for the filing of an undertaking, or whether the sureties were not deemed to be sufficient, does not appear. Inasmuch, however, as the formal parts of the undertaking were in strict accord with the statute, it must be presumed that the justice rejected the undertaking, (in the absence of a disapproval thereof on the ground of the insufficiency of the sureties,) upon the ground that the case was not one coming within the purview of the statute.

But, in any view which may be taken of the case, we think that the evidence offered upon this trial, and which had been received and pronounced upon so conclusively upon the other trial, was clearly competent under the pleadings. The complaint is to the effect that the plaintiff was, at the time stated, in possession of his farm, which was tillable, through which the waters of Owasco inlet are allowed to pass; that the defendant wrongfully and unlawfully raised the upper dam of the outlet of the lake by placing flush-boards thereon, so that the waters of the lake and inlet backed up and overflowed the plaintiff's farm, and rendered the same worthless for agricultural purposes, and injured his crops and grain during the year 1883, to the damage of $200. The defendant's answer is (1) a general denial; (2) "that the plaintiff has not such title to the premises mentioned in the complaint as will enable him to maintain this action; that title to the real estate will come in question herein." Thence follow allegations to the effect that the dam in question is maintained by the people of the state of New York, and that the same, together with the flow of the waters of the outlet of Owasco lake, are regulated by the officers of the state under the laws thereof; that the acts of the defendant were performed in pursuance of the directions of and under the authority of the superintendent of public works of the state of New York, and the authority of the superintendent or assistant superintendent of the canals; and that the defendant has been guilty of no acts which were not authorized or directed by the officers of the state; and that the state has the right, under the acts mentioned, to regulate the flow of the waters from Owasco lake through its outlet. Then come suitable allegations, showing that the plaintiff had made a claim before the canal appraisers of the state for compensation growing out of the same injuries, which had been denied him upon the merits of the case. It is difficult to discern, from the record before us, in the absence of an opinion of the learned county judge, why the evidence so offered by the defendant was not received upon this trial now under review, as well as upon the former trial. We may assume that the effort in the answer to plead title to real estate, and thus to oust the justice of jurisdiction, was ineffective. There remains, however, before that court, a perfectly good answer, irrespective of the question of title to real estate. The plaintiff in his complaint did not allege that he was the owner of the lands in question. He merely alleged that he was in possession thereof, under the form of an ordinary action of trespass. This was denied in the answer, and the other facts above mentioned were set up. Under this denial, and under these facts alleged, it was the duty of the county court to have received these rejected offers of evidence; and, having received them, it was likewise its duty, under the decision of the court of appeals in this case, to have dismissed the plaintiff's complaint. Judgment appealed from should be reversed, and a new trial granted, with costs to abide the event. All concur.