### PEOPLE ex rel. OAK HILL CEMETERY ASS'N v. PRATT et al.

*(Supreme Court, Special Term, Monroe County.   June 27, 1892.)*

COSTS—SPECIAL PROCEEDINGS—DISCRETION OF COURT.

An application under Laws 1880, c. 269, to vacate an assessment, is a special proceeding, and costs are in the discretion of the court, as regulated by Code Civil Proc. § 3240, providing that costs in special proceedings in a court of record and upon appeal therefrom may be awarded to either party, in the discretion of the court, at the rates allowed for similar services in an action brought in the same court.

Application by the people on the relation of the Oak Hill Cemetery Association for a writ of *certiorari* to review an assessment of its property made by Luther A. Pratt and others. Upon final appeal to the court of appeals the assessment was ordered to be vacated. Relator now moves for a retaxation of costs, the county clerk having allowed it motion costs only in the general term and court of appeals. Granted.

For former reports, see 14 N. Y. Supp. 551, 804, and 29 N. E. Rep. 7.

*H. F. Remington*, for relator. *C. D. Kiehel*, City Atty., for respondent.

DAVY, J. These proceedings were taken under chapter 269 of the Laws of 1880 to correct the assessment on the relator's property for the year 1890. The special term reduced the assessment from seventy-five to fifty-two thousand dollars, but no costs were allowed by the court to either party. 14 N. Y. Supp. 556. From the special term judgment the relator appealed to the general term, and the respondent also appealed from that part of the decision reducing the assessment. The general term affirmed the judgment of the special term without costs. Id. 804. From this judgment the relator appealed to the court of appeals, and the respondent also appealed from so much of the judgment as reduced the assessment. The court of appeals reversed the judgment of the special and general terms, and vacated the assessment, with costs to the appellant in all of the courts. 29 N. E. Rep. 7. The county clerk, in taxing the costs, has allowed the relator motion costs only in the general term and in the court of appeals. The relator, now moves for a retaxation of costs, on the ground that the costs should have been taxed as in an action. The application to vacate an assessment under the Laws of 1880, c. 269, is a special proceeding, and costs are in the discretion of the court. The power of the court to award costs in special proceedings is regulated by section 3240 of the Code of Civil Procedure, which provides that costs in special proceedings in a court of record and upon appeal therefrom may be awarded to either party in the discretion of the court, and, when allowed, they shall be at the rates allowed for similar services in an action brought in the same court. It was held in *Railroad Co.* v. *Davis*, 55 N. Y. 147, that the allowance of costs in special proceedings, other than the special cases embraced within section 318 of the Code of Procedure, is governed by chapter 270 of the Laws of 1854. The court, in referring to the act, says: "We are of the opinion that the costs referred to in that act are those to which the prevailing party in an action is of right entitled." The court below adjusted the costs the same as in an action. The appellant contended that, inasmuch as the appeal was from an order, the allowance of more than $10 costs at each special and general term was an error, but the court of appeals held that chapter 270 of the Laws of 1854, § 3, authorizing the allowance of costs in special proceedings on appeal, is in the discretion of the court, and, when allowed, they were at the rate allowed for similar services in civil actions, and that the respondent was entitled to full costs upon appeal, as in an action. Some changes have been made in the phraseology of that act since that decision was made, but none which affect the construction to be given to the question of costs in these proceedings. Section 3240 was substantially a re-enactment of the provisions of chapter 270 of the Laws of 1854, and the decisions under that act are applicable to cases of this character bearing upon the question of costs. *In re Manhattan Sav. Inst.*, 82 N. Y. 142; *In re Protestant Episcopal Public School*, 86 N. Y. 396; *In re Holden*, 126 N. Y. 536, 27 N. E. Rep. 1063. The motion, therefore, for a retaxation of costs must be granted, with $10 costs to the relator.