WOOD v. BOARD OF COM'RS OF EXCISE OF TOWN OF RANDOLPH.

(Supreme Court, Special Term, Erie County. August 6, 1894.)

1. COSTS—SPECIAL PROCEEDING—ALLOWANCE.
    The affirmance, "with costs," by the general term, of an order of the special term in a special proceeding, is an award of the costs of appeal, and constitutes a direction by the court, under Code Civ. Proc. § 3240, that respondents recover costs "at the rates allowed for similar services in an action."

2. SAME—INCREASED COSTS—CERTIFICATE OF JUDGE.
    Code Civ. Proc. § 3248, providing that where, on the trial of an "action," any fact appears whereby a party is entitled to costs, or the increased costs specified in section 3258, the judge or the referee shall make a certificate stating the fact, and that such certificate shall be the only com-

petent evidence before the taxing officer, does not apply to a special proceeding, where the costs are discretionary, and first awarded by the general term.

3. SAME—INCREASED COSTS—PUBLIC OFFICERS.
    The additional allowance given to public officers by Code Civil Proc. § 3258, is not limited to costs in the court of original jurisdiction, but extends to those on appeal.

4. SAME—TAXING BY CLERK.
    Where a party to a special proceeding is entitled to increased costs. the clerk may tax them without an order from the court.

Certiorari by Oscar C. Wood to review the action of the board of commissioners of excise of the town of Randolph in denying relator's application for an hotel license. Relator moves for an order directing the clerk of Cattaraugus county to retax the respondents' bill of costs presented to him for taxation, arising on appeal to the general term from the special term, and to disallow the following items therein: "Appeal to general term before argument, $20; appeal to general term for argument, $40; increased costs, as per Code C. P. 3268, $30." Denied.

W. H. Henderson, for the motion.
Crowley & Reilly, opposed.

WARD, J. Upon the return of a writ of certiorari directed to the board of excise commissioners of the town of Randolph, Cattaraugus county, obtained upon the relation of Oscar C. Wood, who desired an hotel license, requiring them to show cause why such a license should not have been granted,—the commissioners having refused to grant such license, and having returned such reasons to the court as satisfied it that the commissioners had not arbitrarily denied, or denied without good and valid reasons, such license,—the court made an order sustaining the action of the commissioners, and dismissed the writ and all proceedings founded thereon, but without costs to either party. From this order the relator, Wood, appealed to the general term of this court, and the general term affirmed the order of the special term, in this language: "Ordered, that the said order be and the same is hereby wholly affirmed, with costs." 27 N. Y. Supp. 41. The respondents presented their bill of costs to the clerk of Cattaraugus county, who taxed the same, including the items above specified, of which the relator complains.

The learned counsel for the relator insists that as to the first two items, viz. $20 before argument, and $40 for argument at general term, they should not be allowed, and that the only costs the respondents can recover are $10 motion costs. This is a special proceeding, and the respondents are not entitled to costs unless by order of the court, under section 3240 of the Code of Civil Procedure, which provides that costs in special proceedings instituted in a court of record, or upon appeal in special proceedings taken to a court of record, where the costs thereof are not specially regulated by this act (the Code), may be awarded to any party, in the discretion of the court, at the rates allowed for similar services in an action, etc. The rates allowed for similar services in an action are specified in subdivision 4 of section 3251 to be the amounts allowed for

the services specified. The general term awarded costs to the respondents, which means the costs of the appeal, and constitutes a direction by the court, under section 3240, that the respondents recover costs as in an action. Railroad Co. v. Davis, 55 N. Y. 145. That case was decided under Act 1854, c. 270, of which section 3240 is a substantial transcript. In re Protestant Episcopal Public School, 86 N. Y. 396; People v. Pratt (Sup.) 19 N. Y. Supp. 565. In the last two cases the court simply awarded costs as in this general term order, and they were held to mean costs, the same as costs in an action. It is clear, therefore, that the respondents should recover these items.

A more difficult question arises as the allowance of the third item, viz. increased costs, as per Code Civ. Proc. § 3258,—$30. By this section, when a defendant in a final order made in a special proceeding instituted by a state writ is entitled to recover costs as provided in section 3251, he is entitled to recover, in addition thereto, one-half thereof when the defendant is a public officer, and the special proceeding was brought against him by reason of an act done by him by virtue of his office, or an alleged omission by him to do an act, as in this case, which it was his official duty to perform. The section is made also to apply to costs in actions. The counsel for the relator insists that these additional costs could not be taxed by the clerk, because there was before him no certificate entitling the respondents to these additional costs, as required by section 3248. That section provides:

"Where upon the trial of an action, the title to real property comes in question or any fact appears whereby either party becomes entitled to costs or the increased costs specified in section 3258 of this act, the judge presiding at the trial or the referee must upon the application of the party to be benefited thereby either before or after the verdict, report or decision is rendered, make a certificate stating the fact. Such certificate is the only competent evidence as to the matter before the taxing officer."

This section only applied to actions, and where a certificate is necessary to inform the court of the facts which entitle the successful party in a trial before a judge or referee to the additional costs, and can have no application to a special proceeding, where the costs are discretionary, and first awarded by the general term. The taxing officer would not be enlightened by a certificate from the special term judge who dismissed the proceedings without costs, if such a certificate could be obtained; but he stands upon the fiat of the general term, commanding that the respondents should recover costs in the proceeding.

Nor is the additional allowance given to public officers by section 3258 limited to costs incurred in courts of original jurisdiction. It extends as well to costs of an appeal, where they are in favor of a defendant who is a public officer, in an action or special proceeding brought against him by reason of an alleged act by virtue of his office, or an omission by him to act. Burkle v. Luce, 1 N. Y. 239; Porter v. Cobb, 25 Hun, 184.

The question as to whether the respondents should not have first applied to the court by motion to direct the clerk to make this allowance was not raised upon this motion, but the right of the clerk to

tax the item, if taxable at all, without direction of the court, seems to have been conceded; and while there are some cases holding that such a motion is necessary (Stewart v. Board, 33 How. Pr. 3, affirmed 34 How. Pr. 31; Mack v. McCullouck, 2 How. Pr. 127), the general term of this eighth district held the contrary in Wheelock v. Hotchkiss, 18 How. Pr. 468. The conclusion I have reached as to this item is that the respondents are entitled to the additional costs, and the clerk was therefore justified in taxing it.

The motion for a retaxation is denied, but, as the questions are somewhat novel, it will be without costs.