ABRAM SHAVER, Appellant and Respondent, *v.* NELSON B. ELDRED, Respondent and Appellant.

86h 51
57ad100
e57ad570

*Costs on appeal to a County Court — stenographers' fees — costs in the Court of Appeals — increased costs, in what courts taxable — Code of Civil Procedure, §§ 3073, 3256, 3251, subd. 5, 3258 — Laws of 1892, chaps. 185, 592.*

Section 3073 of the Code of Civil Procedure regulates the amount of costs upon an appeal to a County Court and fixes the trial fee at twenty dollars.

Stenographers' fees are not taxable; chapter 185 of the Laws of 1892, amending section 3256 of said Code and permitting such taxation, having been repealed by chapter 592 of the Laws of 1892.

Section 3251, subdivision 5, of the Code plainly contemplates that the only costs to be allowed upon an appeal to the Court of Appeals are, before argument thirty dollars, for argument sixty dollars, and term fees; nothing can be taxed for making and serving a case.

Where upon the trial of an action it appears that the action was brought in a Justice's Court against the defendant by reason of acts done by him in aid or assistance of the Superintendent of Public Works of the State of New York touching the duties of the office which he was appointed to perform under the authority of the State, the defendant is, under section 3258 of said Code, entitled to increased costs, whether appellant or respondent, upon all appeals from the County Court to all higher courts. He is not entitled to increased costs in the County Court, upon an appeal thereto, the costs in such cases being regulated solely by section 3073 of said Code.

*Porter* v. *Cobb* (25 Hun, 184), disapproved.

APPEAL by the defendant, Nelson B. Eldred, from portions of an order of the Cayuga County Court, entered in the office of the clerk of Cayuga county on the 5th day of December, 1894, viz. :

" From that part thereof which directs ' that the item of thirty dollars for making and serving case in Court of Appeals be stricken from said bill of costs, and that the sum of fifteen dollars be deducted from the amount of the item of increased costs on account thereof.'

" From that part thereof which directs ' that the item for increased costs be further reduced by deducting therefrom the sum of eighty-seven dollars and fifty cents, being the amount charged for increased costs for proceedings in County Court,' except in so far as the same directs the reduction of said item of increased costs by the sum of ten dollars.

" From that part of said order which directs the correction of the judgment, judgment roll and docket of judgment by changing the

amount of $945.75 in each of them to the sum of $793.25 ; except in so far as it directs the reduction of said sum of $945.75 by deducting therefrom the sum of thirty dollars."

Also an appeal by the plaintiff, Abram Shaver, from that part of said order, entered in the office of the clerk of the county of Cayuga on the 5th day of December, 1894, which is stated to have been made upon motion of Charles M. Baker, attorney for the defendant.

The papers in the case contained a certificate of the county judge before whom the case was tried, that upon the trial it appeared that the action was brought against the defendant by reason of acts done by him in aid or assistance of the, Superintendent of Public Works of the State of New York touching the duties of the office which he was appointed to perform under the authority of the State.

*Charles M. Baker,* for the appellant.

*Hull Greenfield,* for the respondent.

WARD, J. :

This action was commenced in a Justice's Court of Cayuga county in 1883. A new trial was taken in the County Court which resulted in a judgment for the plaintiff. Defendant appealed to the General Term of this court and judgment was affirmed. Defendant then appealed to the Court of Appeals, where the judgment was reversed, with costs to abide event, and a new trial granted in the County Court. Upon the new trial the plaintiff again recovered a judgment. Defendant appealed from this judgment to the General Term, and this judgment was reversed and a new trial ordered in the County Court, with costs to abide event. Upon a new trial in the County Court the plaintiff's complaint was dismissed, with costs. The county judge before whom the cause was tried made a certificate, as provided by section 3248 of the Code of Civil Procedure, that defendant was entitled to increased costs under section 3258 of the Code for the reason that on the trial it appeared that the action was brought against the defendant by reason of acts done in aid or assistance of the Superintendent of Public Works of the State of New York affecting the duties of his office.

Final judgment was rendered in favor of the defendant in the County Court in the summer of 1894, and the clerk taxed the

defendant's bill of costs at the sum of $945.75. Several objections were taken by the plaintiff's attorney upon the taxation, all of which were overruled. Those important to be considered were as follows:

Two items in bill of $30 each for trials in the County Court lasting more than two days.

For making and serving case in Court of Appeals, $30.

For increased costs under section 3258, $247.50.

For copies of stenographer's minutes of the two trials in the County Court, aggregating $23.16.

Plaintiff moved for a review of this taxation before the County Court, which was had, and that court made an order reducing the two items of thirty dollars each for trial fees to twenty dollars each, striking out the item of thirty dollars for making and serving case in Court of Appeals and deducting fifteen dollars from the item of increased costs on account thereof; striking out eighty-seven dollars and fifty cents, being the amount charged for increased costs for proceedings in the County Court. These deductions left the bill taxed at $793.25, and the clerk was directed to correct it accordingly. Both parties appealed from that order, and the questions are here for review.

The reductions of the trial fees in the County Court from thirty dollars to twenty dollars must be sustained. Section 3073 regulates the costs of appeals in County Courts, and fixes twenty dollars as the trial fees.

The stenographer's fees, being in the aggregate twenty-three dollars and sixteen cents, are not taxable as a necessary disbursement in the cause. This was held by the General Term of the fifth department in *Pfaudler Barm Extracting, etc., Company* v. *Sargent* (43 Hun, 154), Judge HAIGHT pronouncing the opinion, concurred in by Judges BRADLEY, ANGLE and CHILDS. Section 3256 of the Code of Civil Procedure, prior to 1892, did not in terms specify stenographers' fees for minutes of testimony as a disbursement, but chapter 185 of the laws of that year amended that section and included as a proper disbursement "stenographer's fees for minutes of testimony before a court, judge or referee," and provided that that act should take effect September 1, 1892. It was passed on March 24, 1892. On the fourteenth of May following

the Legislature again amended this section by chapter 592 by simply omitting the provisions as to stenographers' fees and providing that that should take effect on the 1st day of September, 1892.

Chapter 185, therefore, in fact never went into operation, as the Legislature, by the subsequent act, in effect repealed it and indicated as the final judgment of the Legislature that stenographers' fees were not taxable disbursements.

Section 3251 of the Code (which provides for amount of costs generally) gives the successful party for making and serving a case twenty dollars and ten dollars in addition if the case contains more than fifty folios. By subdivision 5 of that section the successful party upon an appeal to the Court of Appeals is to recover before argument thirty dollars, for argument sixty dollars, and the section plainly contemplates that this is all the costs that shall be allowed except term fees. The bill as taxed allowed the defendant these two items in addition to the items complained of, and the County Court was right in striking them out.

The plaintiff contends there should be no allowance for increased costs that have accrued upon any of the appeals in which the defendant was appellant, and he relies upon several decisions under the Revised Statutes giving additional costs to public officers, among which are *Wheelock* v. *Hotchkiss* (18 How. Pr. 468); *Dockstader* v. *Sammons* (4 Hill, 546).

The Revised Statutes (2 R. S. 617, § 24) provided: " In the following actions, if judgment be rendered for the defendant upon verdict, demurrer, nonsuit, non-pros, discontinuance of the plaintiff or otherwise in any action, certiorari, writ of error or other proceedings, such defendant shall recover the amount of his taxed costs, and one-half thereof in addition."

This statute has been repealed and section 3258 of the Code substituted. By that section a defendant, upon receiving a proper certificate under section 3248, is entitled to recover the costs prescribed in section 3251, and in addition thereto one-half thereof. The latter section fixes the costs which the successful party is entitled to under section 3228 and other sections of the Code, whether the defendant is appellant or respondent, and the additional allowance is based upon it. (*Porter* v. *Cobb*, 25 Hun, 184; *Burkle* v. *Luce*, 1 N. Y. 239.)

The serious question upon this appeal is whether the County Court was right in refusing the defendant the sum of eighty-seven dollars and fifty cents for increased costs in the County Court. In *Porter* v. *Cobb* (*supra*) the General Term of the third department held that such increased costs should be allowed for the reason that section 3347 embraced County Courts within the scope of section 3258. The position of the County Court was that as to appeals and the costs of trials on appeals to the County Court, they were regulated and controlled by section 3073, which provides a bill of costs in the County Court for such trials, and are, therefore, excepted from the operation of section 3251.

And, as increased costs are only given where costs have accrued under section 3251, they cannot be recovered with relation to said County Court trials.

All of the provisions of the Code bearing upon this subject should be considered in determining this question.

Section 3258 predicates the additional costs upon the costs recoverable under section 3251. The costs of appeals in County Courts are controlled exclusively by section 3073, which provides for all proceedings before notice of trial, fifteen dollars ; for all subsequent proceedings before trial, ten dollars ; for trial of an issue at law, fifteen dollars ; for trial of an issue of fact, twenty dollars ; for argument for motion for new trial, fifteen dollars and term fees.

There is no provision in this section for increased costs, and the section is entirely independent of section 3251. Authority must be found in the statute for the imposition of costs. Such authority will not be inferred, and certainly none is contained in the statute cited for imposing additional costs upon the plaintiff in proceedings in County Court.

The defendant cites *Porter* v. *Cobb* (*supra*) as authority for this extra allowance. The court in that case held that such increased costs should be allowed for the reason that section 3258 came under the second title of chapter 21 of the Code, and as subdivision 13 of section 3347 restricts the application of this second title to the action in one of the courts specified in subdivision 4 of section 3347. And as the County Court is one of the courts enumerated in subdivision 4, therefore, the section giving the increased costs applies to County Courts.

With all due respect, this reasoning seems more specious than sound. The purpose of subdivision 13 was to restrict the general application of the second title of chapter 21 to certain courts being the most important courts, and courts of record, and should not be construed as doing away with the obvious purpose of the other section of the Code bearing directly upon the question.

Section 3261, which is a part of the article embracing 3251 and 3258, provides : " This article does not affect any provision contained elsewhere in this act, or in any other statute remaining unrepealed   *   *   *   whereby the amount of costs is specially fixed in a particular case, otherwise than as prescribed in this article." Section 3073, providing for costs upon appeal to County Courts, is not part of the article embracing sections 3251 and 3258, and, therefore, comes within the restrictive provision of section 3261 above quoted.

The attention of the court in *Porter* v. *Cobb* does not seem to have been called to section 3261, or to the exceptions to the operation of section 3247, stated at the very commencement of that section, and we are unable to concur in this respect with the learned court in *Porter* v. *Cobb*.

It is said that no reason exists why the County Court should be exempted from the operation of section 3258. The answer is that that suggestion should be addressed to the lawmaking power. There must be some statute authorizing costs before they can be imposed. (*Equitable L. A. Society* v. *Hughes and Others*, 125 N. Y. 108.)

The order of the County Court should be modified by striking out the stenographer's fees of twenty-three dollars and sixteen cents, and, as modified, affirmed, without costs to either party.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Order modified by striking out the stenographer's fees of twenty-three dollars and sixteen cents, and, as so modified, affirmed, without costs.