(16 Misc. Rep. 331.)

## WHEELER v. MOWERS.

(Oneida County Court.　March, 1896.)

1. Costs—Appeal from Justice Court.

Code Civ. Proc. § 3073, regulating the amount of costs taxable in actions originally brought in a justice court, provides that on appeal costs, "when awarded, must be as follows." Section 3070 provides that, if neither party makes an offer of judgment within 15 days after the service of notice of appeal, the party in whose favor the decision is given shall be entitled to recover costs. *Held*, that where a verdict was set aside and a new trial ordered in the county court, on appeal from a justice court, but no order was made as to costs, and no offer of judgment was made by either party within 15 days after service of notice of appeal, the party succeeding on the new trial was entitled to the costs specified in section 3073.

2. Same—Costs Before and After Notice of Trial.

Under Code Civ. Proc. § 3073, regulating the amount of costs taxable on appeal from a justice court, but containing no provision for cost of proceedings after the granting of and before the new trial, the successful party is not entitled to costs before and after the notice of the new trial.

Action by Frank E. Wheeler against Henry S. Mowers to recover money alleged to be due plaintiff on a hot water heater placed in defendant's house by plaintiff. A verdict was rendered in favor of defendant in the city court of Utica, in which the action was brought. On appeal to the county court for a new trial the verdict was set aside, and a new trial granted (38 N. Y. Supp. 950), but no order was made as to costs. Defendant offered to allow judgment for plaintiff's claim with the costs allowed by law, and plaintiff accepted the offer, whereupon the costs were taxed by the clerk as follows: $15 before notice of the first trial; $10 after notice of the first trial; $15 before notice of the second trial; $10 after notice of the second trial; $20 trial fee; and disbursements.

James Coupe, for the motion.
S. M. Lindsley, opposed.

DUNMORE, J. Section 3073 of the Code of Civil Procedure regulates the amount of costs taxable in actions originally brought in justice's court, and the first clause in said section reads as follows: "Upon an appeal provided for in this article, costs, when awarded, must be as follows, besides disbursements," etc. As the order setting aside the verdict contained no provision as to costs, defendant claims that no costs have been awarded to plaintiff, and, therefore, under section 3073, none are taxable. There perhaps would be some force in this contention, except for a provision contained in section 3070, which provides, in substance, that if neither party makes an offer of judgment within 15 days after the service of notice of appeal, the party in whose favor the verdict or decision is given shall be entitled to recover costs. As no offer of judgment was made within the 15 days after service of the notice of appeal, the party succeeding is entitled to recover the costs specified in section 3073 of the Code of Civil Procedure.

The only remaining question is whether plaintiff was entitled to tax costs before and after notice of trial twice. Section 3251, which regulates the amount of costs recoverable in actions originally commenced in courts of record, provides that where a new trial is had, pursuant to an order granting the same, the sum of $25 is taxable for all proceedings after the granting of, and before, the new trial. Section 3073 does not contain any similar provision. Going back to the old Code, I find that section 307, which regulated the amount of costs generally, contained the following provision, viz.: "To either party, where a new trial shall be had, for all proceedings before such new trial, twenty-five dollars." Voorhees' Code (8th Ed.). Section 371 of the old Code, which fixed the amount of costs taxable in actions appealed to the county court for a new trial for proceedings in county court, contained no such provision; so that for nearly 50 years the Code has contained a provision giving in actions generally the right to tax a fee for services after granting of, and before, a new trial. During all that time it contained no express provision authorizing the taxing of a fee for like services in actions appealed to the county court for a new trial. It also fixes a larger fee for like services in the former, than in the latter, class of actions. This distinction is significant. Evidently, the legislature deemed it necessary to insert an express provision in the statute, to justify the taxation of a fee for that service. Otherwise, section 307 of the old Code and section 3251 of the new would not have contained the provisions quoted. The failure to insert a similar clause in section 371 of the old Code and section 3073 of the new clearly implies an intention on the part of the legislature to withhold the right to tax a fee for services after granting, and before, a new trial in actions coming into the county court on appeal for a new trial. Costs under the Code are a mere creature of statute. Commissioners v. Spofford, 3 Hun, 52–54. "Authority must be found in the statute for the imposition of costs. Such authority will not be inferred." Shaver v. Eldred, 86 Hun, 51–55, 33 N. Y. Supp. 158. In Commissioners v. Spofford, 3 Hun, 55, it was held that "No costs are allowed by the statute to any party in either of these cases without the express adjudication of the court. Silence is a denial of them." That rule is just as applicable to a statute as to an order. "Silence," in the statute, as to costs between the two trials, is a denial of them. It was held in Bank of Mobile v. Phœnix Ins. Co., 8 Civ. Proc. R. 212, that a party could not tax costs before and after notice of trial twice in the same action. In Spring v. Day, 44 How. Prac. 390, however, it was held that, where a jury had disagreed upon the first trial, a second charge of $15 for proceedings after notice, and before second trial, was taxable. I prefer to follow the former authority, for the reasons given. The trial occupied several days, and it is urged that the allowance of costs with the items in question is wholly inadequate. That is true, but, as was said in Shaver v. Eldred, 86 Hun, 56, 33 N. Y. Supp. 158, that suggestion should be addressed to the law-making power. The statute must authorize costs before they can be imposed. At common law nei-

ther costs nor disbursements were allowed to the prevailing party in any case. The first comprehensive statute upon the subject in this state was chapter 190 of the Laws of 1801. To deny the motion for the reason that the objection was directed to the costs before and after notice of the first trial, rather than the second, would be more technical than wise.

The motion to strike out from plaintiff's bill of costs one of the items of $15 before, and $10 after, notice of trial is granted. As thus modified, the costs, as taxed by the clerk, are confirmed. No costs of this motion. Ordered accordingly.