(32 Misc. Rep. 534.)

## In re LOPER et al.

(Supreme Court, Special Term, Niagara County. October, 1900.)

SPECIAL PROCEEDING—COSTS ON APPEAL.

　　Code Civ. Proc. § 3240, provides that costs on appeal in a special proceeding may be awarded, in the discretion of the court, at the rate allowed for similar services on an appeal from a judgment in an action, and in like manner. *Held* not to entitle the prevailing party on an appeal in such a proceeding to the costs of making a "case," where no formal "case" was made, such as is usual in actions, as required by sections 997 and 1353, and rules of general practice Nos. 32, 35, 41.

Petition of Louis N. Loper and another to cancel the liquor tax certificate of Daniel Slattery and another. On motion by petitioners for a retaxation of costs on a final order of the appellate division (66 N. Y. Supp. 13) reversing an order of the special term canceling such certificate. Granted.

Judson & Richardson, for the motion.
Richard Crowley, opposed.

KRUSE, J. The special term revoked the liquor tax certificate which is the subject-matter of the controversy in this proceeding, and upon appeal the appellate division reversed the order, with costs, and thereupon the county clerk of Niagara county taxed costs in favor of the liquor tax certificate holders and against the petitioners. Among other items included in the bill of costs were two items for making and serving a "case," one of $20 and another of $10, it being claimed that the "case" contained more than 50 folios; and these two items are the subject of controversy upon this motion, the petitioners contending that these two items have been improperly taxed, and should be stricken from the bill of costs. It is conceded that the proceeding for the revocation of this liquor tax certificate is a special proceeding. Section 3240 of the Code of Civil Procedure provides that costs "in a special proceeding, instituted in a court of record, or upon an appeal in a special proceeding, taken to a court of record, where the costs thereof are not specially regulated in this act, may be awarded to any party, in the discretion of the court, at the rates allowed for similar services, in an action brought in the same court, or an appeal from a judgment taken to the same court, and in like manner." The matter was heard at special term upon the petition, affidavits, and other papers, and no oral testimony was taken. The stipulation of the attorneys, which forms a part of the record upon which the appeal was heard and determined at the appellate division, states that the petition and other papers which are specifically named in the stipulation "are all true copies of all papers and other records used herein or pertaining hereto, which are in any

way material to the issues, on file in the Niagara county clerk's office, and of the whole and every part thereof, and that said papers, together with the affidavit of no opinion and this stipulation, shall constitute the appeal book herein." This stipulation was made under section 3301 of the Code of Civil Procedure, and rule 41 of the general rules of practice, which permit such a stipulation to be used in place of the usual certificate of the clerk required for authenticating the copies of the original papers. No formal "case" was made and signed by the judge before whom the matter was heard and determined, such as is usual in actions, as is required by sections 997 and 1353 of the Code of Civil Procedure and the rules of general practice (rules 32, 35, 41). It is contended, however, on behalf of the liquor tax certificate holders, that similar services were rendered in preparing the papers and the record upon the appeal to the appellate division to those in making up a formal "case," and therefore they are entitled to the same rate of compensation. It is true that but little additional labor would have been required to have made up a formal "case," but it was not done, and I do not well see how, under such circumstances, compensation can be allowed therefor. I do not think the case of Wood v. Commissioners, 9 Misc. Rep. 507, 30 N. Y. Supp. 344, is at variance with this view. That case is authority for allowing the same costs in a special proceeding as in actions, instead of motion costs merely. But I do not understand it to be an authority for allowing costs for making a "case" where the law does not require any "case" to be made, or it is waived by the parties, and not insisted upon by the appellate court. It was held in Re Clarke's Estate (Sup.) 15 N. Y. Supp. 867, which was a special proceeding, and where the general term reversed the order of the special term, with costs, that the prevailing party was not entitled to costs for making a "case," although it appeared in that case that the matter had been referred to a referee, who had taken proof, which was used at the special term, and was contained in the record upon which the general term heard and determined the matter. I do not think that case distinguishable from the matter now being considered. The motion to retax the costs must, therefore, be granted, with $10 costs of the motion, and the two items for making a "case," amounting to $30, stricken from the bill of costs.

Ordered accordingly.