VALENTINE SOUHAMI and CLEMENT SOUHAMI, Plaintiffs, *v.* LESTER BROWNSTONE, Defendant.

(Supreme Court, Kings Special Term, August, 1919.)

Costs — what may not be taxed — summary proceedings — appeal — Code Civ. Pro. § 3240.

> Where the final order in favor of the landlord in a summary proceeding for non-payment of rent instituted in the Municipal Court was affirmed by the Appellate Term, but on appeal to the Appellate Division the decisions in the other courts were reversed and the proceeding dismissed "with costs in all courts," section 3240 of the Code of Civil Procedure governs and an item of twenty dollars for making and serving a case may not be taxed in the bill of costs.

SUMMARY proceedings by landlord to obtain possession of premises for non-payment of rent. Taxation of costs.

Jacob M. Guedalia, for motion.

Robert Jablin, opposed.

CROPSEY, J.   This is a summary proceeding brought by the landlord to obtain possession of premises under a claim of non-payment of rent.   The landlord was successful in the Municipal Court, where the proceeding originated, and also on appeal taken to the Appellate Term. But, on the appeal that was allowed to the Appellate Division, the decisions in the other courts were reversed and the proceeding dismissed, "with the costs in all courts."

This is a review of the clerk's taxation of costs.   The landlord objects to the items of twenty dollars before argument and forty dollars for argument in the Appellate Division, and twenty dollars for making and serv-

ing a case on appeal in that court, which were allowed
by the clerk. This is not an action but is a special
proceeding. Both counsel agree there is no special
provision made by law fixing the costs in such a situa-
tion as here is found. And, in the absence of a statu-
tory provision, either special or general, no costs can
be awarded. *Matter of City of Brooklyn,* 148 N. Y.
107. The tenant claims that section 3251 of the Civil
Code, subdivisions 3 and 4, gives the right to these
costs. But this is not so. That section merely fixes
the amount of the costs if they are awarded. There
is a section, however, to which neither counsel referred
which does seem to apply. It is section 3240. That
reads: " Costs in a special proceeding instituted in
a court of record, or upon an appeal in a special pro-
ceeding, taken to a court of record, where the costs
thereof are not specially regulated in this act, may be
awarded to any party, in the discretion of the court,
at the rates allowed for similar services, in an action
brought in the same court, or an appeal from a judg-
ment taken to the same court, and in like manner."

That section clearly covers this situation. Under it,
the Appellate Division had the discretion either to
allow or not to allow costs. *Matter of State of New*
*York,* 152 App. Div. 633, 637. It did allow them. It
was not necessary to prescribe the amount of the costs,
for, having been allowed, they are " at the rates
allowed for similar services in  *  *  * an appeal
from a judgment taken in the same court." *People*
*ex rel. Bray* v. *Board of Supervisors of Ulster Co.,*
65 How. Pr. 327; *Wood* v. *Excise Commissioners,*
9 Misc. Rep. 507; *Matter of Babcock,* 86 App. Div. 563,
566. The costs being the same as on an appeal from
a judgment, the items of twenty dollars before argu-
ment and forty dollars for argument were properly
allowed.

If a case had been made and served on the appeal to the Appellate Division, the item of twenty dollars therefor would have been proper. § 3251, subd. 3. But no case was made. True, the appellant had to print the record that was before the Appellate Term and doubtless had quite as much trouble as if he had made a case. But where no case is in fact made, this item cannot be allowed, although the labor involved was just the same. *Matter of Clarke's Estate,* 15 N. Y. Supp. 867, 868; *Matter of Loper,* 32 Misc. Rep. 534. Hence this item should not have been taxed by the clerk.

Ordered accordingly.